CHASEZ, Judge.
Plaintiff, Herman L. Dulberg, individually and on behalf of his minor daughter Corinne Dulberg, presently eighteen years of age, filed suit to recover $8,602.75 for personal injuries to his daughter and medical expenses he incurred when his daughter, while riding a bicycle, collided with an automobile driven by Mrs. Leonard Ungar in the intersection of South Claiborne Avenue and Joseph Street in the City of New Orleans.
*823 The defendant, Travelers Insurance Company, answered and averred its insured was not negligent, and pleaded, in the alternative, the contributory negligence of plaintiff’s daughter as a bar to recovery.
From a judgment dismissing plaintiff’s suit because he failed to prove the negligence of defendant’s assured, plaintiff has appealed.
The record reflects there were only two eye-witnesses to the accident, namely, Mrs. Ungar and Corinne Dulberg.
Mrs. Ungar testified that on August 16, 1965, immediately before the accident she had been driving toward the River on Nashville Avenue and had stopped on Nashville in the neutral ground area for a red light controlling traffic at the South Claiborne Avenue intersection. When the light changed to green for Nashville traffic, she executed a left turn into South Claiborne Avenue. Once on South Claiborne she drove her automobile in the far right lane of moving traffic at a speed of between 15 and 20 miles per hour. After traveling therein for approximately one block to the intersection of Joseph Street, she noticed the Dulberg girl on a bicycle immediately before the bicycle hit the right front fender of her car. She related the young lady grabbed the radio antenna on the fender as she was going down and broke it from the car.
Corinne Dulberg testified her bicycle was struck by the front of Mrs. Ungar’s car, either in the middle or neutral ground lane of South Claiborne Avenue. She said that immediately before the accident she had been riding the wrong way on Joseph Street, then designated as a one-way street for riverbound traffic. When she reached the intersection of South Claiborne Avenue she stopped her bicycle and waited for the traffic light one block away to change to red for Claiborne Avenue traffic. Then when no cars were coming she started across the street. She testified that when she was in the middle lane she noticed Mrs. Ungar’s automobile some 15 to 17 feet away and she continued riding in an attempt to clear the path of the oncoming automobile. Her testimony concerning the position of the impact is confusing. At times she said it occurred in the middle lane and at other times she asserted it occurred in the neutral ground lane.
The police were not called to the scene at Corinne Dulberg’s request. Instead, Mrs. Ungar drove her home to tell her family and then took her to the hospital. Then Mrs. Ungar called the police. Officer Charles Hudson, who investigated the accident, interviewed Corinne Dulberg in the hospital about one hour after the collision. At that time she told the police officer she did not see Mrs. Ungar’s car because she had been watching another vehicle that had previously passed the Joseph Street intersection going downtown on South Claiborne. Officer Hudson said the girl related she did not see the automobile she hit until seconds before the impact.
The trial court concluded that defendant’s assured was driving at a proper speed and was in no manner negligent. Then, the trial judge pointed out, even if the young girl’s account was accepted as to where the accident happened, her own testimony convicted her of negligence.
We agree. The account of the collision given by Mrs. Ungar is corroborated by the testimony of the investigating officer who heard Corinne Dulberg admit she did not observe traffic conditions on South Claiborne Avenue before riding her bicycle into the intersection. In addition to failing to observe traffic conditions' on a favored street before attempting to cross, she also was riding in an unlawful direction on a one-way street.
Counsel for plaintiff argues the trial judge erred in failing to comment on the testimony of an alleged expert witness in the field of bicycle repair who testified the bicycle had been struck from the side, *824 thus corroborating the testimony of Corinne Dulberg. Apparently the trial court was not impressed with this evidence. After reviewing the record, if we assume arguendo the expert opinion is correct, the testimony of all the witnesses establishes the proximate cause of the accident was the bicyclist’s failure to observe traffic conditions on South Claiborne Avenue before attempting to cross.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.