BOUTALL, Judge.
This appeal is from a judgment dismissing the damage suit of a cyclist resulting from an automobile collision. Ray Robinson brought this suit for injuries arising out of an accident occurring with an insured of Government Employees Insurance Company. It is undisputed that Robinson was traveling on his bicycle in the wrong direction on a one-way roadway of Loyola Avenue when a collision occurred with an automobile exiting a parking lot. The other facts are in dispute and depend on the credibility of the witnesses, an issue obviously resolved by the trial judge in favor of the defendant. The trial judge rendered no reasons for judgment, but our review of the record shows the following facts to be established.
Robinson was traveling at a rapid rate of speed. He was on the street side of the cars parked against the curb. As Robinson cleared the last car he cut towards the curb. During this time the defendant’s driver had already stopped and checked the sidewalk for pedestrians. Then she moved her car to the curb so that the front of her car protruded no more than a couple of feet beyond the curb. At the moment the insured began to accelerate to enter the traffic lane, the plaintiff cut towards the curb, colliding with the right front corner of the insured’s car. The only testimony presented on the distance the car traveled after acceleration was from no movement to a maximum of one to two feet. We hold that the judgment of the lower court in favor of the defendant is amply supported by the record. There is no showing of manifest error.
Plaintiff pleaded the doctrine of last clear chance. In this regard we find the automobile driver in a somewhat similar situation to the driver in Mugnier v. Checker Cab Company, 309 So.2d 747 (4th Cir. 1975), that is, that the driver is unable to direct his attention to all directions at the same time. However in this case, the evidence shows the cause of the collision to be the swerving of the bicycle toward the automobile. Considering the restricted view the driver had of the approaching bicycle, we cannot say the driver could have seen the bicycle in time to avoid the collision.
The judgment is affirmed.

AFFIRMED.

LEMMON, J., concurs and assigns reasons.