378 So.2d 599 (1979)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Robert J. PRICE, Defendant-Appellee.
No. 7331.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
*600 Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for plaintiff-appellant.
Eugene P. Cicardo, Alexandria, for defendant-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) brought this suit against its insured, Robert J. Price, to recover the amount which it paid Mr. Price and the expenses it incurred as a consequence of the theft of his 1973 Thunderbird automobile. The case was tried on a stipulation and certain exhibits and the trial judge rendered judgment for the defendant. State Farm has appealed. We affirm.
The facts are that on December 30, 1975, the plaintiff insured a 1973 Ford Thunderbird automobile in the name of Robert J. Price for comprehensive coverage. On February 16, 1976, the defendant reported the automobile stolen and demanded its value under the policy. On March 5, 1976, the plaintiff paid defendant $4,100.00 and upon receipt thereof the defendant signed a form entitled "Bill of SaleMotor Vehicle" containing an expressed warranty of title.
In October, 1976, the vehicle was found and upon examination the police discovered it had been stolen from a prior owner in Houston, Texas, before it was sold to defendant in 1973. The automobile was then returned to the original owner's assignee of title, Associated County Mutual Insurance Company, which had paid its insured for the first theft.
The first issue to be considered is whether, as plaintiff contends, it was error for the trial judge to hold that defendant Price had an insurable interest in the stolen vehicle.
We have not been cited nor has our research disclosed any Louisiana case precisely on this point.
An annotation dealing with the subject in 33 A.L.R.3d 1417 says it is generally held that an innocent purchaser of a stolen automobile has no insurable interest in the vehicle. However, from the cases cited therein it appears that about as many courts of other states have ruled to the contrary. The rationale of the decisions holding *601 against the insured is that he acquired no title to the stolen property and therefore had no lawful interest therein to insure. On the other hand, the cases to the contrary seem to be based on the propositions that the good faith purchaser had lawful possession of the automobile against all but the true owner at the time it was insured and he also had an economic interest in protecting the price he paid for the vehicle.
We believe the decisions recognizing the existence of an insurable interest under such circumstances are more logical and reasonable and provide a more equitable result. There is substantial support for such rule in Louisiana law.
LSA-R.S. 22:614 provides:
"A. No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured.
"B. `Insurable interest' as used in this Section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage."
There is no mention of title in the definition of "insurable interest" in this statute. And under the jurisprudence of this state ownership of the property is not always required in order for one to have an insurable interest therein. In Brewster v. Michigan Millers Mutual Insurance Co., 274 So.2d 213 (La.App. 2 Cir. 1973), the court held that the plaintiff had a substantial economic interest in a home destroyed by fire, although he did not own it, as he had retained the rights of occupancy and control, including collection of rents, after he had sold it. The court cited approvingly a Louisiana Supreme Court case, Knighten v. North British and Mercantile Ins. Co., 238 La. 767, 116 So.2d 516 (1959), which had similar facts and holding. Also, see Milan v. Providence Washington Insurance Co., 227 F.Supp. 251 (U.S.Dist.Ct., E.D.La.1964) wherein the following was quoted from Harrison v. Fortlage, 161 U.S. 57, 16 S.Ct. 488, 40 L.Ed. 616 (1896):
"It is well settled that any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, regardless of whether he has or has not title in, or lien upon, or possession of the property itself."
In the present case, although defendant did not own the car at the time he secured the policy, he was in possession of the automobile, with an interest in preserving it. Further, he had spent a substantial amount of money repairing the car, which was in a wrecked condition when he purchased it. These circumstances indicate that Mr. Price had a significant and substantial economic interest in preserving the automobile and his investment in it, sufficient to constitute an insurable interest within the legislative meaning of LSA-R.S. 22:614 B. Also consider LSA-C.C. Article 2314.
Thus, the policy is not invalid and the contract of insurance required the payment of indemnity to defendant for the loss of the car.
Plaintiff also assigns as error the trial court's holding that Louisiana Civil Code Article 2506 was not applicable to the transfer of the title of the vehicle from defendant to plaintiff. State Farm relies on the document executed by Robert Price labelled as a bill of sale setting forth that the "Undersigned warrants title to the above described motor vehicle and warrants that it is free of chattel mortgages and/or liens."
LSA-C.C. Article 2430 enumerates the prerequisites for a contract of sale:
"The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
"Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent."
The trial judge found that:
"Plaintiff's characterization of this transaction as a sale is mistaken. This transaction was not a sale, but a payment *602 made under a valid contract of insurance for a loss sustained by the insured, which loss was covered by said insurance contract.
"I feel that defendant signed the document entitled `Bill of SaleMotor Vehicle', along with whatever other documents the insurance company presented for him to sign at the time defendant was paid for the loss of his auto without taking particular notice of its title or provisions. Under the contract of insurance purchased by defendant and issued by plaintiff, plaintiff's insurance company has only the right to be subrogated to whatever rights the insured had in the stolen car. The insured was under no contractual obligaiton (sic) to `sell' his car to the insurance company, nor was he obligated to warrant title to the car in order to recover under the policy. The payment made by plaintiff was not a `price' for a `thing' as the sales articles contemplate but was the recovery due to defendant provided by the insurance contract which defendant had paid for with his permiums (sic)."
Civil Code Article 2506 provides a remedy for damages for the evicted buyer against the seller of property under a warranty. However, it is the opinion of this court that the trial court ruled correctly that this transaction was never intended to be and was not actually a sale. It was simply an ineffectual attempt to transfer to the insurer whatever rights Price had in the insured property for the loss of which he had been paid in accordance with the terms of the insurance policy. Consequently, Article 2506 did not apply thereto.
Accordingly, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.