732 So.2d 128 (1999)
Jason C. DOYLE and Cheryl C. Doyle
v.
Oscar L. McKINNEY, City of New Orleans, Paul H. Jones and Allstate Insurance Co.
No. 98-CA-1102.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1999.
*129 Benjamin J. Birdsall, Jr., New Orleans, Louisiana, Attorney for Plaintiffs/Appellees.
Avis Marie Russell, City Attorney, Nolan P. Lambert, Chief Deputy City Attorney, Darren G. Wells, Assistant City Attorney, New Orleans, Louisiana, Attorneys for Defendants/Appellees.
Joseph B. Morton, III Kathleen C. Marksbury, Duplass, Zwain & Bourgeois, Metairie, Louisiana, Attorneys for Paul H. Jones and Allstate Insurance Co., Defendants/Appellants.
Court composed of Judge STEVEN R. PLOTKIN, Judge JAMES F. McKAY, III, and Judge DENNIS R. BAGNERIS, Sr.
McKAY, Judge.
The defendants in this case are appealing a trial court's award of damages and apportionment of fault between the defendants. We affirm.

FACTS AND PROCEDURAL HISTORY
On Monday, April 11, 1994, at approximately 3:15 P.M., Jason Doyle was traveling west in the extreme right hand lane of 1-610. Mr. Doyle was driving a 1989 Nissan owned by his mother, Cheryl Doyle. At a point somewhere between the Franklin Avenue on-ramp and the Elysian Fields exit, he noticed an abandoned 1974 Ford pick-up truck in the extreme right hand lane of the interstate. Paul Jones had left the truck at this location at least an hour and a half earlier after the truck's battery had apparently gone dead. Mr. Jones contends that he left the truck in order to go to his friend's house to seek assistance. The hazard lights on the truck did not work and Mr. Jones made no attempt to warn other motorists of the stalled vehicle. However, Mr. Doyle was able to stop his vehicle some fifteen to twenty feet behind the truck.
Mr. Doyle was waiting for a chance to move into the adjacent lane when he was struck from behind by a 1992 Ford Taurus driven by Oscar McKinney and owned by the City of New Orleans. At the time of the accident, Mr. McKinney was in the course and scope of his employment with the New Orleans Recreation Department. Mr. McKinney maintains that a red Mustang suddenly changed lanes and caused him to veer into the extreme right hand lane and strike Mr. Doyle's car. Mr. Doyle also recalled seeing a red Mustang in his rear-view mirror before the accident. Some controversy also exists as to whether Mr. McKinney was talking on a portable phone at the time of the accident.
On June 28, 1994, Jason Doyle and Cheryl Doyle filed suit against Oscar McKinney, the City of New Orleans, Paul Jones, and Allstate Insurance Company (Jones' liability insurer). The Doyles later amended their suit to add United Services Automobile Association, their uninsured and/or underinsured motorist carrier. Trial was held on September 23, 1997, and the trial court issued its judgment along with Reasons for Judgment on January 12, 1998. The trial court found in favor of the plaintiffs and awarded Jason Doyle: $42,500.00 for pain and suffering, $6,460.17 for special damages, and $1000.00 for expert witnesses. Cheryl Doyle was awarded: $9,465.00 for the actual cash value of the vehicle, $75.00 for towing, $298.00 for storage, and $852.00 for license and transfer fees. The court apportioned seventy-five percent (75%) of the fault to Paul Jones and twenty-five percent (25%) of the fault to Oscar McKinney. The defendants appeal this judgment.

ISSUES
The two principal issues are: 1) whether the trial court erred in finding defendants, Paul Jones and Oscar McKinney, liable for *130 the collision and apportioning 75% of the fault to Paul Jones and 25% of the fault to Oscar McKinney, and 2) whether the trial court erred in awarding $49,960.17 to plaintiff Jason Doyle.

STANDARD OF REVIEW
In reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Hill v. Morehouse Parish Police Jury, 95-1100 (La.1/16/96), 666 So.2d 612, 614; Ferrell v. Fireman's Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 745; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Before a trier of fact's judgment may be reversed, we must find from the record that a reasonable factual basis does not exist for its conclusions, and they must be manifestly wrong. Lewis v. State through Dept. of Transp. and Development, 94-2370 (La.4/21/95), 654 So.2d 311, 314; Stobart, supra. Furthermore, a reviewing court may not disturb reasonable evaluations of credibility and reasonable inferences of fact when viewed in the light of the record in its entirety even though it feels its evaluations are more reasonable. Id. at 882.

ALLOCATION OF FAULT
In our review of the trial court's allocation of fault between the defendant's, we are guided by Clement v. Frey, 95-1119, 95-1163 (La.1/16/96), 666 So.2d 607, 610-611. In that case, the Louisiana Supreme Court requires intermediate courts of appeal to consider the trial court's allocation of fault under the same standard of review applied to awards of general damages. Accordingly, trial courts have a great deal of discretion when allocating fault. This Court has opined that the allocation of fault is not an exact science, or the search for one precise ratio. Rather, it is an acceptable range and any allocation within that range cannot be "clearly wrong." Riley v. Reliance Ins. Co., 97-0445 (La.App. 4 Cir. 11/19/97), 703 So.2d 158. In Clement, the Supreme Court held that any allocation of fault falling between a ratio of 50/50 and 75/25 would be reasonable. This is illustrative of the great discretion a trial court has when allocating fault.

NEGLIGENCE OF JONES
According to La. R.S. 32:141(B): "the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position ... shall remove the vehicle as soon as possible, and until it is removed it his responsibility to protect traffic." When Mr. Jones' pick-up truck broke down, he left it in the right hand lane of I-610 for at least an hour and a half while he went to look for help. Mr. Jones made no attempt to warn other motorists of the peril on the road ahead of them. These are not the actions of the reasonably prudent person in this situation. Mr. Jones could have called a tow truck as soon as he was able to get to a phone. He did not do this. Mr. Jones could have taken one of his vehicle's floor mats and flagged oncoming vehicles away from the broken down pick-up. He did not do this either.
Mr. Jones' assertion that he did not violate La. R.S. 32:141 is simply not correct. In Thibodeaux v. Lock Clinic, 303 So.2d 570 (La.App. 4 Cir.1974), this Court affirmed the finding of negligence on the part of the driver of a broken down truck. That driver's vehicle lost a wheel while descending a bridge at dusk. His taillights were on and he made some attempt to alert other motorists by waving a handkerchief close behind the van. Nevertheless, it was found that he violated La. R.S. 32:141 because the precautions he took were not adequate. In the case sub judice, Mr. Jones took no precautions. Accordingly, logic dictates that Mr. Jones was negligent.
*131 The accident in the instant case would not have occurred but for the negligence of Mr. Jones. When this is considered with the fact that the trial court has such wide discretion in apportioning fault, it is implausible that the trial court erred in finding Mr. Jones negligent and assigning him the greater portion of fault.

NEGLIGENCE OF McKINNEY
If a rear end collision occurs, the following motorist is presumed negligent. State Farm Mutual Auto. Ins. Co. v. Hoerner, 426 So.2d 205, 208 (La.App. 4 Cir.1982), writ denied, 433 So.2d 154 (La. 1983). Further, a motorist is required to maintain reasonable vigilance or "to see that which he should have seen" and to exercise reasonable care. Id. However, a person who is caught in a sudden emergency, not of his own making, is not expected to exercise the same degree of care and caution as a person who has ample opportunity for the full exercise of judgment or reason. Clement v. Griffin, 91-1664 (La.App. 4 Cir. 3/3/94) 634 So.2d 412, writ denied, 94-0717 (La.5/20/94) 637 So.2d 478.
In the instant case, Mr. McKinney collided with the rear end of Mr. Doyle's car which was stopped because of the presence of Mr. Jones' broken down pick-up truck. Mr. McKinney's failure to keep a proper lookout and maintain control of his vehicle was a cause in fact of the accident. However, it was not the principal cause. The principal cause of the accident was the obstruction of the road created by Mr. Jones' broken down pick-up truck. This does not excuse Mr. McKinney from the consequences of his negligence but does lessen the severity. Mr. McKinney contends that a sudden lane change by a red mustang forced him to take evasive action which resulted in his rear ending plaintiff's vehicle. However, the trial court gave no weight to this contention and apportioned 25% of the fault for the accident to him. We find no error in the trial court's finding Mr. McKinney negligent and apportioning 25% fault for the accident to him.

DAMAGES
The defendants contend that the damages awarded to plaintiff, Jason Doyle, are excessive. Our Court has stated:
Assessment of damages is within the province of the fact-finder and should not be disturbed in the absence of manifest error, and the appellate court should not consider whether a different award might have been more appropriate but, rather, only whether the award made by the trial court is reasonably supported by the record; Appellate courts must review the trial court's records and render judgments in quantum based on the merits of the case by considering whether the fact-finder abused its much discretion in setting the damage award. Id.

Jason Doyle was seventeen years old at the time of the accident. He had never had back problems and had participated in athletics his entire life. The trial court found that as a result of the accident Mr. Doyle now has narrowing of the intervertebral spaces of his lumbar spine, as well as bulging lumbar discs. Additionally, the court found that Mr. Doyle sustained a five (5%) to ten (10%) percent anatomical disability of his back and a functional disability that requires him to refrain from strenuous activities for the rest of his life. The damages awarded to Mr. Doyle totaled $49,960.17. The trial court based this award on the uncontroverted testimony of Mr. Doyle's treating physicians, Dr. Laxman Kewalramani and Dr. Bruce Razza. Accordingly, there is no evidence that the trial court abused its discretion in making this award.

CONCLUSION
For the foregoing reasons, we find that the trial court neither erred nor abused its discretion when it awarded $49,960.17 in damages to plaintiff, Jason Doyle. We also find that the trial court did not err or abuse its discretion when it allocated 75% of the fault to Paul Jones and 25% of the fault to Oscar McKinney. Therefore, we *132 affirm the judgment of the trial court in its entirety.
AFFIRMED.
PLOTKIN, J., DISSENTS WITH WRITTEN REASONS
PLOTKIN, J., dissenting with written reasons.
I respectfully dissent from the majority decision to the extent it affirms the trial court's allocation of fault of 75 percent to defendant Paul Jones and 25 percent to defendant, the City of New Orleans, for the vicarious liability of its employee, Oscar McKinney. I believe that both the trial court and the majority erred in finding that Mr. Jones' negligence was the principal cause of the damages sustained by the plaintiffs in this case. I believe that Mr. McKinney's negligence was the principal cause of the damages.

Mr. Jones' negligence
In assigning 75 percent of the liability to Mr. Jones, the trial court found that he had violated LSA-R.S. 32:141, relative to stopping, standing or parking outside business or resident districts. In his reasons for judgment, the trial court stated as follows:
Under the law of the State of Louisiana, it is unlawful to leave a vehicle unattended on any highway. La. Revised Statute 32:141. The driver of a disabled vehicle left unattended on the highways of this State has the responsibility and duty to protect oncoming and approaching traffic. The drivers of any vehicle which becomes disabled upon any highway must display appropriate warnings and/or signals sufficient to warn approaching traffic of its presence. R.S. 32:141 prescribes a duty incumbent upon one who operates a vehicle which becomes disabled on a public highway. The driver of a disabled vehicle is negligent when he fails to take proper precautionary measures to protect other traffic.
LSA-R.S. 32:141, cited by the trial judge, provides as follows:
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.
D. In the event of a motor vehicle accident on an interstate or four-lane highway, if the driver is not prevented by injury and the vehicle is not disabled by the accident, or the accident has not resulted in injury or death of any person, the driver shall remove the vehicle from the travel lane of the highway to the nearest safe shoulder.
Compliance with the provisions of this Subsection shall in no way be interpreted as a violation of requirements to remain at the scene of an accident as provided for in the Highway Regulatory Act or by R.S. 32:414.
(Emphasis added.)
As is obvious from the highlighted portions of the above statute, Mr. Jones was *133 not in violation of LSA-R.S. 32:141 when he left his disabled vehicle on the traveled portion of the interstate in order to seek assistance. Moreover, the fact that his warning lights did not word did not violate the statute, given the fact that his vehicle became disabled at midday. Thus, Mr. Jones did not violate the law in any way by his actions in response to the emergency situation created by his disabled vehicle.
This case is clearly distinguishable from Thibodeaux v. Lock Clinic, 303 So.2d 570 (La.App. 4 Cir.1974), cited by the majority, which involved a vehicle disabled at dusk and left in the traveled portion of the highway after dark. In the instant case, Mr. Jones left his disabled vehicle in a lane between an entrance ramp and an exit ramp, pulled as far to the right side of the roadway as possible given the fact that the interstate had no shoulder at that point. Nothing prevented drivers of on-coming vehicles from seeing Mr. Jones' truck parked on the side of the road. Moreover, few vehicles even had cause to be in the lane blocked by the disabled vehicle, in light of the fact that the lane is a very short stretch of highway between both interstate ramps. Contrary to the finding of the majority, Mr. Jones' actions were reasonably prudent in light of the circumstances.
Nevertheless, I do believe that Mr. Jones should be assigned some liability for the plaintiffs' damages in this case. His vehicle was one of the causes of the accident which resulted in the plaintiffs' injuries. However, as more fully explained below, I believe that the damages should be reapportioned to more fairly reflect the level of negligence of the two defendants.

Mr. McKinney's negligence
Mr. McKinney's negligence in this case is obvious. As the majority states, a following motorist in a rear-end collision is presumed to be negligent. State Farm Mutual Automobile Insurance Co. v. Hoerner, 426 So.2d 205, 208 (La.App. 4 Cir.1982), writ denied, 433 So.2d 154 (La. 1983). Moreover, a presumption of negligence arises whenever a driver leaves his own lane of traffic and strikes another vehicle. Shephard on Behalf of Shepard v. Scheeler, 96-1690, p. 19 (La.10/21/97), 701 So.2d 1308, 1318. When a driver leaves his lane of traffic and strikes another vehicle, he bears the burden of proving that he was not guilty of any dereliction, however slight. Id.
In the instant case, Mr. McKinney left his lane of traffic and struck the plaintiffs' stopped vehicle in the exit lane of the interstate. He claims that a fourth vehicle, a red mustang, required him to veer to the right to avoid striking him. However, plaintiff Jason Doyle testified that Mr. McKinney was on a cell phone just prior to the accident. I do not believe that the evidence presented by Mr. McKinney was sufficient to overcome the dual presumptions of negligence working against him. In my view, the negligence of Mr. McKinney was clearly the principal cause of the accident and of the plaintiffs' damages.

Apportionment of fault
Although I believe that Mr. McKinney's negligence was the principal cause of the accident and that he should be assigned the greater percentage of liability, the manifest error appellate standard of review limits this court's ability to reassign liability. I believe that the most appropriate apportionment of fault would be 25 percent to Mr. Jones and 75 percent to Mr. McKinney. However, under the jurisprudential rules, any allocation of fault within an "acceptable range" cannot be considered clearly wrong. Riley v. Reliance Insurance Co., 97-0445, p. 6 (La.App. 4 Cir. 11/19/97), 703 So.2d 158, 163, writ denied, 98-0283 (La.3/20/98), 715 So.2d 1220. Although I do not believe that allocation of 25 percent liability to Mr. Jones and 75 percent liability to Mr. McKinney is within the "acceptable range" in this case, I believe that an apportionment of fault at 50 percent to each of the two defendants is within that range. Accordingly, I would *134 amend the trial court judgment to reapportion fault 50 percent to Mr. Jones and 50 percent to Mr. McKinney.