778 So.2d 668 (2001)
Eric SCHMIDT,
v.
Cindy CHEVEZ and American National General Insurance Company.
No. 2000-C-2456.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 2001.
*669 William M. Stephens, Scott F. Davis, Lobman, Carnahan, Batt, Angelle & Nader, New Orleans, LA, Counsel for Defendants/Relators.
Court composed of Judges MURRAY, BAGNERIS and TOBIAS.
Judge DENNIS R. BAGNERIS, Sr.

STATEMENT OF THE CASE
The relators/defendants, American National General Insurance Company and Cindy Chevez (alternately "the defendants," "the relators") seek review of a judgment denying their motion for summary judgment. The trial court judge orally rendered judgment on this motion on September 22, 2000, and signed a written judgment on October 11, 2000. The relators' filed their notice of intent to file for supervisory writs on October 16, 2000. On October 19, 2000, the trial court signed an order setting November 9, 2000 as the return date for the filing of the writ application. The relators timely filed their writ application in this court on November 8, 2000.

FACTS
This is a personal injury action arising out of a collision between a bicycle being operated by the plaintiff, Eric Schmidt ("the plaintiff"), and a vehicle being driven by the defendant, Cindy Chevez. The accident allegedly occurred on May 17, 1998 on Lakeshore Drive.[1] The plaintiff was allegedly illegally riding his bicycle east in the westbound lane of Lakeshore Drive. The portion of Lakeshore Drive on which he was travelling was allegedly closed to the public and reserved for emergency vehicles only at the time of the accident. The defendant was allegedly travelling east in the eastbound lane of Lakeshore Drive. According to the plaintiff the defendant drove past him and, without using her left turn signal, took a left turn directly in front of him as she attempted to pull into a parking area located along Lakeshore Drive.[2] As the defendant was turning left, the plaintiff's bicycle allegedly struck the defendant's vehicle on the driver's side door.
Following the accident, the plaintiff allegedly filed a petition for damages on May 24, 1999 against the defendant, Ms. Chevez, and her liability carrier, American National General Insurance Company. On August 24, 2000, the defendants allegedly filed a motion for summary judgment on the issue of liability.
The defendants have attached various pleadings, which they aver demonstrate that there are no genuine issues of material facts. More specifically, they attach an affidavit executed by the relator, Cindy Chevez, on August 23, 2000, answers and supplemental answers to interrogatories propounded to the plaintiff, the plaintiff's response to the defendants' request for production of documents, and excerpts (two pages) from a deposition allegedly taken of the investigating officer. The defendants argue that these documents establish that the plaintiff was travelling in the wrong direction down a closed street at the time of the accident. Accordingly *670 they argue that the plaintiff will be unable to establish that Ms. Chevez owed him any kind of duty. For this reason, they maintain that the plaintiff cannot prevail on the merits at trial.

LAW AND DISCUSSION
At the outset this Court notes that it is difficult to reverse the denial of the motion for summary judgment based on the documentation provided by the relators. The application does not contain the petition; therefore, it is impossible to review plaintiff's full allegations against the defendants. Additionally, the application does not contain a copy of the motion for summary judgment filed with the trial court. Finally, the relators only include two pages of the excerpts of the investigating officer so the full facts that were in front of the trial court are not presented to this court. This Court could have considered dismissing the petition for failure to include the proper documentation as provided by the rules of court. Rule 4-5, Uniform Rules-Courts of Appeal. However, we decline to do so. Rather, we will address this application and decide it on the merits.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Whether or not a material fact actually exists is based on whether there is a dispute of a fact "whose existence or nonexistence may be essential to appellant's cause of action under the applicable theory of recovery, i.e. one that would matter on trial of the merits." Moyles v. Cruz, 96-0307 (La.App. 4 Cir. 10/16/96), 682 So.2d 326.
Pursuant to La. C.C.P. 966(C)(2), the extent of what the mover of a summary judgment must prove depends on which party will bear the burden of proof at trial. In the case at hand, the movants of this motion for summary judgment are the defendants, Ms. Chevez and her insurer, American National General Insurance Company. The defendants would not bear the burden of proof if this case were to proceed to trial on the merits. Consequently, according to La. C.C.P. 966(C)(2), the movants need not negate all essential elements of the adverse party's claim or action; rather, they only need to point out to the court that there is an absence of factual support for one or more elements of the claim. Once the movant negates a necessary element of the adverse party's claim, the burden then shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Lozier v. Security Transfer and Inv. Corp., 96-2690 (La.App. 4 Cir. 4/30/97), 694 So.2d 497. The non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment. Moody v. City of New Orleans, 99-0708 (La.App. 4 Cir. 9/13/00), 769 So.2d 670.
The duty of a court of appeal is to review a summary judgment de novo, considering the same standards applied by the trial court in deciding a motion for summary judgment. Peterson v. G.H. Bass and Co., Inc., 97-2843 (La.App. 4 Cir. 5/20/98), 713 So.2d 806, writ denied, 98-1645 (La.10/16/98), 727 So.2d 441.
Pursuant to the 1996 amendments to La. C.C.P. 966, this Court must review this initial determination liberally because summary judgments are now "favored" by the judiciary. Guillie v. Comprehensive Addiction Programs, Inc., 98-2605, p. 4 (La. App. 4 Cir. 4/21/99), 735 So.2d 775, 777. The language of the amendment is designed to allow courts to decide whether there is sufficient evidence to warrant a trial, thus affording judges the opportunity to ferret out meritless litigation. Id.
*671 In the instant case, the movants argue that they established that the plaintiff will not be able to meet the burden of showing the defendant, Ms. Chevez, owed him a duty. Accordingly, they maintain the plaintiff cannot prevail on the merits at trial.
Admittedly, it is essential that the plaintiff in a negligence cause of action establish that the defendant owed him/her a duty to exercise reasonable care. The existence of a duty is a question of law, and similarly the question as to whether a particular risk of harm is included within the scope of a particular duty is a legal issue to be resolved by the Court. Dillon v. Louisiana Power and Light, 557 So.2d 293, 295 (La.App. 4th Cir.1990); The defendants suggest that no duty was owed to the plaintiff because at the time of the accident, the plaintiff was violating several traffic laws. More specifically the plaintiff was violating La. R.S 32:197 which specifically mandates that, "every person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable, exercising due care when passing a standing vehicle or one proceeding in the same direction." Moreover, the plaintiff was also allegedly riding on a portion of the highway that was closed to the public, except for emergency vehicles, at the time the accident occurred.
The defendants rely primarily upon Crump v. Ritter, 583 So.2d 47 (La.App. 2nd Cir.1991), and LeBlanc v. Fidelity Fire & Cas. Ins. Co., 93-0146 (La.App. 1 Cir. 3/11/94), 633 So.2d 891 to support their argument that the defendant owed the plaintiff no duty under the facts of the instant case. Notwithstanding some language concerning whether a duty is owed in situations involving bicyclists who are violating traffic laws, both cases are distinguishable from the instant case. Both were decided adversely to the injured bicyclists because the bicyclists were found to be 100% at fault for causing the accidents in question. Significantly, findings of liability were made after a trial on the merits, and both cases addressed the issue of causation. Even more significant is the fact that there was no suggestion of any negligence or fault on the part of the motorists in Crump or LeBlanc. Both Crump and LeBlanc are also distinguishable from the instant case in that both involved intersectional collisions, whereas in the instant case the motorist and the bicyclist were traveling in the same direction.
The defendants did not attach any reasons for judgment to their writ application. However, they admit that one factor that led the trial court to deny their motion for summary judgment was that there was evidence to indicate the defendant did not use her left turn signal prior to attempting to pull over into the parking area.[3] Additionally, the plaintiff avers that the defendant drove past him prior to attempting to turn. No evidence or explanation is contained in the documents submitted to this Court to explain why the defendant did not see the plaintiff if she in fact drove past him prior to the collision. Clearly, the trial court questioned whether the actions of the defendant also contributed to the accident. The defendant, Ms. Chevez, attached an affidavit wherein she states that she did not in any way contribute to the accident. However, this is nothing more than a conclusory statement on an issue more appropriately addressed by the court. A determination as to whether the alleged negligence of the defendants played any part in the harm that came to the plaintiffs is one to be made by the trier of fact after hearing all the evidence from all the witnesses.
The jurisprudence contains many cases wherein courts have consistently denied recovery to bicyclists injured while traveling down the wrong side of the road. Robinson v. Government Emp. Ins. Co., 376 So.2d 618 (La.App. 4th Cir.1979); Werner v. Patriot Gen. Ins. Co., 339 So.2d *672 948 (La.App. 4th Cir.1976); Mugnier v. Checker Cab Company, 309 So.2d 747 (La. App. 4th Cir.1975); Dulberg v. Travelers Ins. Co., 207 So.2d 822 (La.App. 4th Cir. 1968). Generally speaking, however, fault in a vehicular collision case is determined by judging the conduct of each motorist under all the circumstances of the particular case. Crump v. Ritter, supra; Soniat v. State Farm Mutual Automobile Insurance Co., 340 So.2d 1097 (La.App. 4th Cir.1976). Thus, in those cases where judgment was rendered against the bicyclist, the courts implicitly found, after trial on the merits, that the illegal action on the part of the bicyclist was the cause of the accident.
Citing Guillie v. Comprehensive Addiction Programs, Inc., supra 735 So.2d 775, the defendants also argue that the plaintiff is precluded from recovering because his claim is partially based on his own illegal or wrongful acts. The facts of Guillie are vastly different from the facts of this case, and the holding in that case, which involved intentional criminal activity, is not relevant to the issues in the present case. Indeed, barring a plaintiff who is guilty of a traffic violation from recovering for his injuries would make the provisions of La. C.C. art. 2323 meaningless. Pursuant to La. C.C. art. 2323 a party who suffers injury as the result partly of his own negligence and partly as a result of the fault of another person may recover in damages. However, his recovery shall be reduced in proportion to the percentage of negligence attributable to him. Based on this provision providing for comparative negligence, a plaintiff is not precluded from recovering damages simply because of contributory negligence. Only in cases where a plaintiff's negligence is the sole cause of his injury is he precluded from recovering. The tendency in most of the cases decided since the adoption of comparative negligence principles has been to look at the actions of both parties to ascertain what part, if any, each party's actions played in the injury that occurred.
In denying the motion for summary judgment, the trial court apparently rejected the defendants' argument that the plaintiffs actions were the sole cause of the accident.
In denying the motion for summary judgment at this time, the trial court most likely considered the fact that ordinarily, a motorist is required to maintain reasonable vigilance or to see that which with due diligence he should have seen. Doyle v. McKinney, 98-1102 (La.App. 4 Cir. 4/7/99) 732 So.2d 128; Guillot v. Valley Forge Ins. Co., 99-1044 (La.App. 3 Cir. 12/8/99), 753 So.2d 891; Audubon Ins. Co. v. Knoten, 325 So.2d 624, 625 (La.App. 4th Cir.1976). In the opposition to the summary judgment motion, the plaintiff alleged that the defendant, Ms. Chevez, drove past him prior to the accident. If Ms. Chevez was in fact traveling in the eastbound lane and the plaintiff was traveling in the westbound lane, one must necessarily wonder why she did not see the plaintiff.[4] The record is noticeably devoid of pertinent information concerning the actions of the defendant, Ms. Chevez. Certainly, she had a duty to operate her vehicle in a careful and prudent manner, so as not to endanger life or property. La. R.S. 32:58. She may have been entitled to make the assumption that traffic laws would be obeyed and that other vehicles would not be traveling in the wrong lane. However, if she saw or should have seen the plaintiff traveling on his bicycle in the lane immediately to her left, she may very well have had a duty to signal her intentions to pull into the left lane and/ or to operate her vehicle in a manner so as not to cause a collision.
It should also be noted that the plaintiff averred that bicyclists commonly used the westbound lanes after hours, a fact corroborated by the testimony given in the deposition *673 taken of the investigating officer. Admittedly, this factor will not excuse the plaintiff for violating the traffic laws. However, knowledge of this custom might be relevant in determining whether Ms. Chevez was negligent in not seeing the plaintiff. The lack of deposition testimony concerning the speed at which Ms. Chevez was traveling and/or her knowledge of the fact that bicyclists commonly used that road makes it that more difficult to state that the trial court erred in denying the defendants' motion for summary judgment. Admittedly, Ms. Chevez executed a notarized affidavit wherein she stated that, "she did not in any way contribute to this accident." However, clearly, this statement is nothing more than a conclusory statement.
Several genuine issues of material fact exist in this case. Louisiana recognizes the concept of comparative fault. The mere fact that the plaintiff was negligent does not end the liability issues. If the defendant was negligent as well and that negligence contributed to the accident, the defendant can be held liable. The defendants failed to show that the plaintiff couldn't prevail in this action. Accordingly the trial court did not err in denying the defendants' motion for summary judgment. Thus, this writ application is hereby denied.
WRIT DENIED.
TOBIAS, J., concurs in part and dissents in part.
TOBIAS, J., concurs in part and dissents in part.
I respectfully concur in the result reached by the majority for I find no error in the trial court's denial of defendant-relator's motion for summary judgment based upon the record before us.
I respectfully dissent from the majority's decision to address this matter in the form of a published opinion without benefit of a complete record[1], comment from the plaintiff-respondent, or ordering the plaintiff-respondent to file a written brief in opposition to defendant-relator's application in this court. If the purpose of addressing this application in opinion form is to point out that the Court of Appeal is a court of record, that this court cannot properly review a decision of a trial court unless the relator attaches all relevant pleadings, and/or that the relator has failed to follow the Uniform Rules of Courts of Appeal, then we should so state. Since we have not granted the writ and affirmed, I do not find our writ denial is res judicata. Relator could renew its motion for summary judgment in the trial court should subsequent discovery disclose that no genuine issue of material fact exists and summary judgment is at that point appropriate. But, relator should be aware that comparative fault will always be an issue in this case and that the chances of success on a motion for summary judgment are remote.
NOTES
[1] The facts have been culled from the writ application and various pleadings attached to the writ application. The defendants did not attach a copy of the plaintiff's petition to the writ application. Nor did the defendants attach a copy of the motion for summary judgment filed in the trial court.
[2] See exhibit D  plaintiff's opposition to motion for summary judgment.
[3] See page 13 of writ application.
[4] The opposition memorandum filed by the plaintiff has conflicting information concerning whether the plaintiff was traveling in the eastbound lane or the westbound lane.
[1] Footnote 1 of the majority opinion even addresses the subject of the absence of certain pertinent pleadings.