787 So.2d 1142 (2001)
Dora Ramos GARCIA and Virginia Garcia Varela, Individually and on Behalf of Artemio Garcia
v.
The LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Liberty Mutual Insurance Company, Donald Solomon, Precision Brake & Clutch Inc., Heavy Duty Parts and Equipment, Inc., The City of New Orleans, and Boh Brothers Construction Company, Inc.
No. 2000-CA-0930.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 2001.
*1143 Walter Landry Smith, Baton Rouge, Paul L. Katz, Covington, J. Wayne Gillette, New Orleans, Charles A. Verderame, Metairie, Counsel for Plaintiff/Appellee.
*1144 Richard P. Ieyoub, Attorney General, Michael L. Penn, Assistant Attorney General, William S. Culver, Jr., Assistant Attorney General, Louisiana Department of Justice, Litigation Division, New Orleans, Counsel for Defendant/Appellant.
Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE.
LOVE, Judge.
Defendants-appellants, Louisiana Department of Transportation and Development ("DOTD"), appeal a trial court judgment in which the trial court judge, after a bench trial, found in favor of plaintiffs-appellees, Ms. Dora Ramos Garcia and Ms. Virginia Garcia Varela. The trial court found that there was a pooling of water on the roadway at the time of the vehicular accident, which caused the death of Mr. Artemio Garcia ("Mr. Garcia"). This pooling of water was caused by a defect in the highway and caused Mr. Garcia's vehicle to hydroplane. The trial court further found that DOTD had custody of the road and had actual or constructive knowledge of the risk created by the improper resurfacing of the roadway. Therefore, DOTD was solely liable for the death of Mr. Garcia. It is from this judgment that DOTD now appeals. For the following reasons, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
On November 20, 1992, Mr. Garcia, 65 years of age, was traveling south on Airline Highway in the far left lane near the intersection of Cecil Street in Orleans Parish when his car spun out of control into the northbound lanes of Airline Highway. Donald Solomon, who was driving a truck traveling north on Airline Highway in the middle lane, struck Mr. Garcia on the driver's side door.
Fact witness Mr. Victor LaRocca ("Mr. LaRocca") was traveling behind Mr. Garcia in the same lane and testified that the rear of Mr. Garcia's vehicle began to rotate as it approached the intersection. Although Mr. LaRocca remembered observing Mr. Garcia's left turn signal on, it was not clear if Mr. Garcia intended to turn at the intersection before his vehicle spun out of control. However, it is unequivocal from the evidence and testimony that Mr. Garcia's vehicle started spinning out of control before it reached the intersection.
David Barnes, plaintiff's expert meteorologist, established that it was a rainy day and was raining either at the time of the accident or shortly before the accident.
Mr. Garcia suffered fatal injuries as a result of the November 20, 1992 accident. Consequently, on October 25, 1993, Dora Ramos Garcia and Virginia Garcia Varela, wife and daughter of Mr. Garcia, filed suit against DOTD. Ms. Garcia and Ms. Varela alleged that Mr. Garcia hit a defect in the roadway, a pooling of water on the roadway, which caused his vehicle to tailspin and swerve out of control. Contrarily, DOTD argued that Mr. Garcia was speeding and lost control of the vehicle as he approached the intersection and attempted to turn left onto Cecil Street.
Following a two-day bench trial, Judge Michael Bagneris found in favor of Plaintiffs. Specifically, Judge Bagneris awarded general damages in the amount of eight hundred and fifty thousand (850,000.00) dollars against the defendant DOTD as fair compensation for Plaintiffs' loss of love, affection, companionship and support from Mr. Garcia. The court also determined that the judgment shall be apportioned in the amount of seven hundred and fifty thousand ($750, 000.00) dollars for Mrs. Dora Ramos Garica and one hundred thousand ($100,000.00) dollars for Mrs. Virginia Garcia Varela.
*1145 DOTD makes the following assignments of error: 1) the trial court erred in finding that the condition of Airline Highway at its intersection with Cecil Street caused or contributed to Mr. Garcia's accident; 2) the trial court erred in finding Mr. Garcia free from fault; 3) the trial court erred in disqualifying the DOTD's liability expert David Hall; and 4) the trial court erred in its general damage award to Mrs. Dora Ramos Garcia.

STANDARD OF REVIEW
The standard of review for appellate courts was ideally articulated in Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993):
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court; and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous.

ASSIGNMENTS OF ERROR

Assignment of Error Number One:

The trial court erred in finding that the condition of Airline Highway at its intersection with Cecil Street caused or contributed to Artemio Garcia's accident.
In regard to a cause of action against DOTD, the court in Bessard v. State, Department of Transportation and Development, 94-0589 (La.11/30/94), 645 So.2d 1134, 1136, stated:
A plaintiff may proceed against DOTD under theories of negligence or strict liability. A strict liability claim against DOTD is governed by LSA-R.S. 9:2800, which limits the strict liability of public entities by requiring proof of the entity's actual or constructive knowledge of the defect which caused the damage. Proof of scienter is the only factor which distinguishes proof of negligence from proof of strict liability. Thus, the burden of proof is the same under either theory when DOTD is the defendant. The plaintiff must show (1) the property that caused the damage was in the custody of DOTD, (2) the property was defective because it had a condition that created an unreasonable risk of harm, (3) DOTD had actual or constructive knowledge of the risk, and (4) the defect in the property was a cause in fact of plaintiff's injuries. (Citations, footnote omitted).
It is uncontested that DOTD had custody of the roadway on Airline Highway. DOTD disputes the trial court's finding that there was evidence of a dangerous or defective condition that caused or contributed to Mr. Garcia's accident. However, there was a repair project underway at the time of the accident and the testimony and evidence presented at trial established that the roadway held water due to ruts. The trial court found that those ruts created an unreasonable risk of harm that caused Mr. Garcia to lose control of his vehicle. We agree.
*1146 Moreover, Mr. James Clary, an expert in the field of civil engineering, highway design and maintenance, testified that he studied the contracts and daily logs of the repair project on Airline Highway and determined that there were design mistakes that led directly to the defects in the highway. He opined that these defects permitted the water pooling to occur. In addition, Mr. Clary explained at trial how the surface upon which the new asphalt was placed was uneven and there were places on the roadway that would hold enough water to cause a vehicle to hydroplane.
Mr. Clary's testimony also established that DOTD had constructive knowledge of the defects because of the daily logs maintained by DOTD. Bessard v. State, Department of Transportation and Development, 645 So.2d at 1137, held that "[B]oth lower courts found DOTD had at least constructive knowledge of the hole in the curb, due to the bi-weekly inspections of roadways and curbing performed by the state. We agree with that finding." In the present case, the daily logs provided DOTD with at least constructive knowledge of the defect in the roadway.
Dr. Frank Griffith, a qualified accident reconstructionist, investigated the accident scene two days later and found that the roadway was uneven enough to cause water to pool in various spots in the left, southbound lane of Airline Highway. Dr. Griffith also inspected Mr. Garcia's tires and found that the thread on the tires was in better than average shape. In sum, Dr. Griffith surmised that Mr. Garcia's vehicle hydroplaned because of standing water on the roadway, that the hydroplaning was the cause of his loss of control of the vehicle and the cause of the accident which resulted in Mr. Garcia's death.
Louisiana courts have found that excess or standing water in the roadway is unreasonably dangerous. Shephard on Behalf of Shepard v. Scheeler, 96-1690 (La.10/21/97) 701 So.2d 1308, 1317. In Coley v. State Through Department of Transportation and Development, 621 So.2d 41 (La.App. 2 Cir.1993), the court held that a highway shoulder that was higher than the travel lane and prevented the rainwater from draining and caused the water to flow onto the roadway created an unreasonable risk. Therefore, we find no error in the trial court's finding that the condition of Airline Highway caused Mr. Garcia's accident.

Assignment of Error Number Two:

The trial court erred in finding Artemio Garcia free from fault.
DOTD argues that the trial court erred in failing to assess some, if not all, the fault for his accident to Mr. Garcia. DOTD cites Tolbert v. Fireman's Fund Insurance Company, 98-637 (La.App. 3 Cir. 10/7/98), 719 So.2d 738, for the proposition that "a motorist has a duty to maintain control of his vehicle, even in rainy weather." However in Tolbert, unlike in the present case, the trial court found that Mr. Foreman failed to make reasonable adjustments in his speed considering he was driving on a highway in a rain storm with decreased visibility. Also, in Tolbert, there was no contention that there were any defects in the highway. The only claim was that the weather caused the vehicle to hydroplane. Further, Mr. Foreman pled guilty to failure to maintain control of his vehicle.
The trial court has a great deal of discretion when allocating fault. The Louisiana Supreme Court in Clement v. Frey, 95-1119, p. 5 (La.1/16/96), 666 So.2d 607, 609 stated "[O]nly after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point *1147 which is reasonably within the discretion afforded that court." Id. at 609, quoting Coco v. Winston Industries, Inc., 341 So.2d at 335.
On the basis of the above legal principles, we find adequate evidence in the record to support the trial court's finding that DOTD was solely at fault in causing Mr. Garcia's accident. There was no evidence that Mr. Garcia was driving too fast. There was no evidence that Mr. Garcia changed lanes before losing control. In fact, the evidence revealed that he lost control before starting any turn. Mr. Garcia was faced with a sudden emergency caused by a defect in the road. A "person who is caught in a sudden emergency, not of his own making, is not expected to exercise the same degree of care and caution as a person who has ample opportunity for the full exercise of judgment or reason." Doyle v. McKinney, 98-1102 (La.App. 4 Cir. 4/7/99), 732 So.2d 128, 131 citing Clement v. Griffin 91-1664 (La.App. 4 Cir 3/3/94), 634 So.2d 412. This assignment of error is without merit.

Assignment of Error Number Three:

The trial court erred in disqualifying the state's liability expert.
DOTD argues that the trial court erred in disqualifying David Hall as an expert in accident reconstruction. La C.E. art. 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.
In reviewing the decision of a trial court in qualifying a witness as an expert, courts typically place the burden on the party offering the witness as an expert and consider that the decision to accept or reject the offer rests within the sound discretion of the trial court. The refusal of the trial court to receive such evidence will rarely, if ever, provide grounds for reversal. State v. Craig, 95-2499 (La.5/20/97), 699 So.2d 865, 870.
The United States Supreme Court established a standard for the admission of expert testimony in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); that standard was adopted by the Louisiana Supreme Court in State v. Foret, 628 So.2d 1116 (La.1993).
The court should consider both the validity of the reasoning or methodology and whether that reasoning or methodology properly can be applied to the facts at issue. The trial judge should then render an oral or written opinion of its findings on these issues. It may consider, as the United Supreme Court did in Daubert, the following factors in determining the admissibility of expert testimony:
1. The "testability" of the expert's theory or technique,
2. Whether the theory or technique has been subjected to peer review and publication,
3. The known or potential rate of error, and
4. Whether the methodology is generally accepted in the scientific community.
In adopting the Daubert standard, the Louisiana Supreme Court in Foret emphasized its desire to impose a "requirement that expert scientific testimony must rise to a threshold level of reliability in order to be admissible under La. C.E. art 702." 628 So.2d at 1123.
The record in this case indicates that Mr. Hall's testimony that the accident *1148 occurred because Mr. Garcia was attempting to make the turn too fast or that he misjudged the traffic that was coming in the opposite direction, does not meet the Daubert/Foret test for admissibility. First, Mr. Hall did not perform any calculations nor did he use any mathematical formula or data to form his opinion about Mr. Garcia's vehicle. Second, Mr. Hall testified that in order to determine if a vehicle hydroplaned one needs the following information: 1) tread depth of the tires; 2) the water depth on the road; 3)the speed of the vehicle; and 4) the tire air pressure. Mr. Hall conceded at trial that he had made no attempt to determine any of the above information. Finally, Mr. Hall did not take any measurements of the accident scene and did not have the benefit of photos to aid him in forming an opinion.
Since Mr. Hall's testimony concerning the cause of the accident does not meet the test for admission of expert testimony, we find no error in the trial court's refusal to qualify Mr. Hall as an expert in accident reconstruction.

Assignment of Error Number Four:

The trial court erred in its general damage award to Dora Ramos Garcia.
In regard to general damages, the Louisiana Supreme Court in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993) stated:
[T]he discretion vested in the trier of fact is "great", and even vast, so that an appellate court should rarely disturb an award of general damages... It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
In deciding whether a trial court award was excessive, reviewing courts must first consider the individual circumstances of the subject case to determine whether the trial court abused its much discretion in setting the award. Only after determining that the award in the subject case was improper may the reviewing court consider awards in similar cases. Brodtmann v. Duke, 96-0257, p. 21 (La. App. 4 Cir. 2/11/98), 708 So.2d 447, 459-460.
The trial court found that Mr. and Mrs. Garcia had a close and warm relationship. The Garcias had been married for thirty-six years and the court noted that Mr. Garcia was the primary breadwinner for the family and was frugal with money. The death of their only son six years before the accident brought them closer. The Garcia's only daughter, Virginia Garcia Varela, lived in a home in the same neighborhood as her parents. Following her husband's death, Mrs. Garcia suffered emotional trauma and was treated by a psychiatrist and counselors.
DOTD uses Brodtmann as a comparison. In that case the Brodtmanns were a very close family and the couple had been married for forty-one years. The trial court awarded $500,000 in damages. DOTD argues that because the two cases are similar an award of $750,000 is excessive. We disagree. Under the circumstances of this particular case, the awards made by the trial court do not constitute an abuse of discretion. Therefore, we affirm the awards of general damage made to Mrs. Garcia and to Mrs. Varela.

DECREE
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.