I ¡.DAVID S. GORBATY, Judge.
In this appeal, plaintiff contends that the trial court erred in granting the motion for summary judgment filed by defendant *366 Permanent General Assurance Corporation (“PGAC”). For the reasons set forth below, we reverse.

FACTS AND PROCEDURAL HISTORY

Defendant Stephanie Tassin was the driver of a 1999 Mazda 626 on April 6, 1999. As she was driving the vehicle, she struck the car driven by plaintiff Richard Miller. Tassin’s personal automobile liability insurer at the time of the accident was PGAC.
Tassin had earlier borrowed the Mazda from her friend, Shawn Barr, and was giving Barr’s girlfriend a ride home from Barr’s Northshore residence. Tassin did not use her own car, as she felt it would not be able to make such a long trip. Tassin believed Shawn Barr to be the owner of the Mazda. After the accident, Tas-sin telephoned Barr, and at that time, she learned that the Mazda might, in fact, have been stolen.
Because of the injuries Miller sustained as a result of the April accident, he filed suit against Tassin. Later, he filed a second Supplemental and Amending | ¡^Petition naming PGAC as a defendant. PGAC filed a Motion for Summary Judgment, contending that Tassin was not covered under its policy because she was driving a stolen vehicle.
Miller opposed the motion on the grounds that fairness and public policy mandated coverage because Tassin had no way of knowing that she did not have the permission of the vehicle’s actual owner, Crescent City Dealerships, Inc. Tassin herself opposed PGAC’s motion on the grounds that she reasonably believed Barr owned the Mazda, and that she had his express permission to drive it.
The trial court granted PGAC’s Motion for Summary Judgment, and plaintiff subsequently filed a devolutive appeal. This court dismissed that appeal without prejudice, ruling that it was premature, as the judgment appealed from was not final.
After a trial, the district court entered judgment in favor of plaintiff Miller and against defendant Tassin in the amount of $16,636.76. Plaintiff does not appeal this judgment, but instead here appeals only the prior ruling of the trial court granting PGAC’s motion for summary judgment.

DISCUSSION

In his sole assignment of error, Miller asserts that the trial court erred in granting PGAC’s Motion for Summary Judgment, as Tassin had no way of knowing that she did not have the owner’s permission to drive the Mazda at the 14time of the accident. Appellant opines that the insurance policy exclusion is against public policy and unfairly denies coverage to an innocent insured.
Summary judgments are reviewed de novo, using the same standard applied by the trial court in deciding the motion for summary judgment. Schmidt v. Chevez, 2000-2456, p. 4 (La.App. 4 Cir.1/10/01), 778 So.2d 668, 670. According to this standard, a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Id., p. 3, 778 So.2d at 670; La. C.C.P. art. 966(B).
Exclusion E under the liability section of the PGAC policy specifically provides that no coverage will be provided under the liability portion of the policy for any person “using a motor vehicle without the express or implied permission of the owner, or outside the scope of the permission given.” In support of its Motion for Summary Judgment, PGAC submitted the affidavit of Pat Voss of Crescent City Dealer *367 ships, Inc. (“Crescent City”), who averred that the Mazda in question had been stolen from Crescent City on March 30, 1999. The affidavit further reflects that Crescent City did not give Tassin permission to drive the Mazda. Tassin’s deposition testimony confirms that fact.
Until Tassin telephoned Barr to inform him of the accident, she believed that the Mazda was his car and that she had permission to drive it. Approximately two weeks before the accident, Tassin and Barr traveled to Florida together; Barr had |sthe car at that time. At no point until after the accident did Tassin have any reason to question Barr’s ownership of the Mazda.
In State Farm Mutual Automobile Insurance Company v. Price, 378 So.2d 599 (La.App. 3 Cir.1979), the Louisiana Third Circuit Court of Appeal held that a good-faith purchaser may obtain an insurable interest in a motor vehicle, even though he purchases a stolen motor vehicle. Id. at 601. In Price, the defendant purchased a car, insured it through State Farm and did substantial repairs to it. The car was later stolen. It was later discovered that prior to the underlying sale, the vehicle had been stolen before, so that the insured did not have actual ownership, as the underlying sale had been ineffective. The court found that although State Farm’s insured was not the owner of the car, he had acted in good faith and had evidenced enough interest in preserving the vehicle that he had essentially earned an insurable interest in the vehicle.
While clearly distinguishable from the instant case, Price is illustrative of the fact that Louisiana’s courts will find coverage in favor of an innocent insured acting in good faith. In its discussion, the court stated, “[w]e believe the decisions recognizing the existence of an insurable interest under such circumstances are more logical and reasonable and provide a more equitable result. There is substantial support for such rule in Louisiana law.” Id. at 601.
In Perkins v. McDow, 615 So.2d 312 (La.1993), the Supreme Court addressed the issue of whether or not “[ ... ]the named insured’s son who had virtually exclusive use and control of the automobile, could provide that | ¿permission even though he had been told by his parents not to loan the car to anyone.” Id. at 314. The Supreme Court held that even though a parent, the named insured, may tell his or her child not to let their friends drive a car used almost exclusively by that child, that “second permittee,” the friend, may nevertheless be covered under the parent’s policy. Justice Watson, agreeing in the result, issued a concurring opinion:
These cases serve to point out the mischief caused by the permissive user provisions of automobile liability policies. Witness the maze of exceptions and qualifications which the majority discusses.
Francois v. Ybarzabal, 483 So.2d 602 (La.1986), which I authored, illustrates the problems created.
The solution would be to hold the permissive use clause is contrary to public policy. Louisiana statutory law requires that all vehicles have liability coverage and the denial of coverage on the basis of familial prohibitions, reconstructed post-accident, is wrong. The possible exception might be when a vehicle is stolen and the driver is a thief. The holding of Francois v. Ybarzabal that plaintiff must prove that the vehicle was being used with the express or implied permission of the named insured should be overruled.
Perkins, 615 So.2d at 317.
Tassin did not have the express permission of Crescent City to drive the Mazda. *368 However, she did have Barr’s permission to drive it, and he was the only owner she knew, or could have known, to contact. Under the specific facts and circumstances of this case, Exclusion E runs counter to public policy and unfairly denies coverage to an innocent insured. Liability insurance should cover, as a matter of public policy and law, an innocent driver in good faith who had no way of knowing the vehicle she was driving was actually stolen.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is reversed.

REVERSED.