BOUTALL, Judge.
This is an appeal from a judgment maintaining a peremptory exception of no cause of action, dismissing plaintiffs’ suit.
Plaintiffs-appellants are the widow and children of Vorace Matte who was killed attempting to cross Louisiana Highway 23 near Port Sulphur, Louisiana. Matte and his wife had been passengers on a bus owned and operated by Continental Southern Lines, Inc., defendant-appellee herein, impleaded as Continental Trailways, Inc.
The petition alleges the time of the incident as approximately 8:00 p. m., and then recites the following which forms the crux of the issue here:
5.
“At said time petitioner, and the said Vorace J. Matte, referred to hereinafter as ‘decedent’ were passengers on a Continental Trailways bus for pay and were taken to Port Sulphur, Louisiana. They descended from the bus at Port Sulphur, Louisiana. Instead of waiting for petitioner and said decedent to cross the highway, said bus turned into the path of a vehicle being driven by William S. Gaudet, a defendant herein, which was approaching from the opposite direction, apparently blinding the said William S. ■Gaudet so that he could not see petitioner and decedent and as a result of which decedent, Vorace J. Matte, was struck by the vehicle being driven by William S. Gaudet and as a result of same sustained severe personal injuries causing his death.
6.
Said accident was caused through the joint and concurring negligence of the driver of said bus in the course and scope of his employment for Continental Trailways, Inc., attributable to the said Continental Trailways, Inc. and the said William S. Gaudet in the following nonexclusive particulars:
1.Negligence of driver, McNeil
1. Pulling out before petitioner and decedent had crossed the highway, knowing or in a position where he should have known of the danger involved by traversing said busy highway.
2. Failing to maintain a proper lookout.
3. Failing to observe the Gaudet vehicle approaching towards petitioner and decedent and pulling out and placing the bus in a position where it was impossible for the said Gaudet to go around petitioner and decedent.
4. In failing to wait until petitioner and decedent had safely crossed the highway before pulling back onto the highway.
5. In failing to warn petitioner and decedent of the danger in question.”
To this petition defendant bus company and its driver filed a peremptory exception of no cause of action contending the petition showed that there was no negligence on their part but that the fatality was due to the negligence of the on-coming driver, Gaudet, and the negligence of the decedent. They urge that the contract of carriage was at an end and none of the recited acts violate any duty they may have owed to the decedent, relying in the main upon the rationale of Deason v. Greyhound Corporation, 106 So.2d 348 (La.App. 1st Cir., 1958).
Appellants urge to ps that the petition sets out independent acts of negligence beyond the duties owed under the contract of carriage and refers to the blinding effect *655 of the headlights and the manner in which the bus driver pulled onto the highway.
We are of the opinion that, under the facts herein alleged, the contract of carriage was at an end. All that is required is that the passenger be deposited in a safe place. If he chooses to leave a place of safety and is thereby injured, there is no liability on the carrier. Deason v. Greyhound Corporation, supra; Taylor v. City of Shreveport, 29 So.2d 792 (La.App. 2nd Cir., 1947) ; Beeson v. Tri-State Transit Co. of La., 146 F.2d 754 (5th Cir., 1945).
The bus driver is under no obligation to wait until his passenger reaches his ultimate destination before proceeding on his journey. To rule otherwise would effectively destroy any hope of rapid and efficient public transit. The petition recites no facts which show that the bus driver pulled out in other than a legal manner, such as with excessive speed or encroaching upon Gaudet’s side of the highway, or such as to cause Gaudet to swerve or lose control. The mere presence of the bus in a place it had a right to be does not create negligence simply because another driver may wish to appropriate that place in an emergency.
It is alleged that the bus headlights “apparently blinded” Gaudet, but there is no showing that the lights were excessively glaring or bright or otherwise in violation of the requirements of LSA-R.S. 32:301 et seq. (Sub-part A Lamps and lighting equipment).
We are of the opinion that the petition presented does not state a cause of action and the trial judge properly dismissed it. LSA-C.C.P. art. 934 provides that, when the grounds of the objection may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. However, on the facts the petition recited, we believe the trial court properly concluded that the petition affirmatively shows plaintiffs do not have a cause of action against excep-tors. Therefore, dismissal without leave to amend was correct.
During the appeal, appellants attempted to file with us an amended petition. We refused to allow its filing inasmuch as we are restricted to the record as it comes to us and as presented to the trial court.
For the foregoing reasons we affirm the judgment of the trial court at appellants’ costs.
Affirmed.