278 So.2d 60 (1973)
Beulah Lejeune MATTE et al.
v.
CONTINENTAL TRAILWAYS, INC.
No. 52410.
Supreme Court of Louisiana.
May 7, 1973.
*61 Edwards, Stefanski & Barousse, Homer Edward Barousse, Jr., Crowley, for plaintiffs-applicants.
Luke Petrovich, Buras, Stafford, Pitts & Stafford, Grove Stafford, Jr., Alexandria, for defendant-respondent.
SUMMERS, Justice.
Beulah Lejeune Matte and her children, issue of her marriage with Vorace J. Matte, instituted this suit for his wrongful death. The petition alleged that the accident resulting in the death of Vorace J. Matte was caused by the joint and concurring negligence of the defendants Marvin McNeil and William S. Gaudet.
According to the petition the accident occurred on November 17, 1969 about eight o'clock in the evening. At the time of the accident Marvin McNeil was driving a Continental Trailways bus. He was then employed by Continental Southern Lines, Inc., who are also made defendants. The pertinent allegations of plaintiffs' petition around which the issue presented for decision revolves are as follows:
5.
At said time petitioner (Beulah Lejeune Matte) and the said Vorace J. Matte, referred to hereinafter as "decedent" were passengers on a Continental Trailways bus for pay and were taken to Port Sulphur, Louisiana. They descended from the bus at Port Sulphur, Louisiana. Instead of waiting for petitioner and said decedent to cross the highway, said bus turned into the path of a vehicle being driven by William S. Gaudet, a defendant herein, which was approaching from the opposite direction, apparently blinding the said William S. Gaudet so that he could not see petitioner and decedent and as a result of which decedent Vorace J. Matte, was struck, by the vehicle being driven by William S. Gaudet and as result of same sustained personal injuries causing death. (Parentheses added.)
6.
Said accident was caused through the joint and concurring negligence of the driver of said bus in the course and scope of his employment for Continental Southern Lines, Inc., attributed to the said Continental Southern Lines, Inc. and the said William S. Gaudet in the following non-exclusive particulars:
1. Negligence of driver McNeil
1. Pulling out before petitioner and decedent had crossed the highway, knowing or in a position where he should have known of the danger involved by traversing said busy highway.
2. Failing to maintain a proper lookout.
3. Failing to observe the Gaudet vehicle approaching towards petitioner and decedent and pulling out and placing the bus in a position where it was impossible for the said Gaudet to go around petitioner and decedent.
4. In failing to wait until petitioner and decedent had safely crossed the highway before pulling back onto the highway.
5. In failing to warn petitioner and decedent of the danger in question.
Defendant Gaudet filed a general denial alleging contributory negligence on the *62 part of the decedent Vorace J. Matte, and, assuming the position of plaintiff, filed a third party petition praying for judgment over against McNeil and Continental Southern if judgment were rendered against him, Gaudet, in favor of the Mattes.
To these petitions McNeil and Continental Southern filed exceptions of no cause of action. These were maintained by the trial judge, and plaintiffs' suit was dismissed at their cost. On appeal to the Fourth Circuit the judgment was affirmed. 259 So.2d 653. We granted certiorari. 261 La. 1037, 262 So.2d 33.
The peremptory exception of no cause of action concedes (for the purposes of its trial) the correctness of the well-pleaded allegations of fact and tenders the issue that on the face of the petition no case is presented entitling the mover, in law, to the redress sought. It is the sufficiency in law of the petition or motion which is put at issue by the exception. La. State Bd. Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968).
And a vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of New York, 189 La. 743, 180 So. 506 (1938).
The principal question these pleadings present is contained in these allegations:
Instead of waiting for petitioner and said decedent to cross the highway, said bus turned into the path of a vehicle being driven by William S. Gaudet, a defendant herein, which was approaching from the opposite direction, apparently blinding the said William S. Gaudet so that he could not see petitioner and decedent and as a result of which decedent Vorace J. Matte, was struck by the vehicle being driven by William S. Gaudet and as a result of same sustained personal injuries causing death.
Plaintiffs have cited King v. King, 253 La. 270, 217 So.2d 395 (1968), and Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963), to support their contention that a cause of action is stated against McNeil and Continental because public carriers of passengers, while not the insurers of their passengers, are required to exercise the highest degree of vigilance, care and precaution for the safety of those they undertake to transport. The principle relied upon, it is asserted, stems from the nature of the carrier-passenger relationship itself, whereby the passenger contracts with the carrier to transport the passenger for pay and accordingly, and reciprocally, the carrier assumes the obligation to transport the passenger safely to his destination.
Without further discussion of the proposition of law thus stated, it is sufficient to say it is not applicable to the facts alleged here. The contract of carrier and passenger came to an end when Vorace J. Matte the decedent left the bus safely at his chosen destination free from harm. There was no duty on the part of the bus driver thereafter to extend other than ordinary care to Matte such as he would to other persons in the vicinity of the bus. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376 (1930); Hopkins v. New Orleans Railway & Light Co., 150 La. 61, 90 So. 512 (1922); Deason v. Greyhound Corporation, 106 So.2d 348 (La.App.1958).
Failure of this one basis relied upon for recovery does not preclude maintaining plaintiffs' petition on another ground. Bailey v. Texas Pacific Coal & Oil Co., 134 So.2d 339 (La.App.1961).
The allegation that the bus turned into the path of the Gaudet vehicle approaching from the opposite direction apparently blinding Gaudet so that he could not see the decedent Matte does, in our view, establish a reasonable hypothesis that a cause of action exists. This hypothesis involves the injury to Matte resulting from *63 the handling of the bus and operation of the lighting equipment after Matte left the bus. It exists, if it does, independently of the carrier-passenger relationship. West v. Ray, 210 La. 25, 26 So.2d 221 (1946).
By statute in this State particular duties are imposed upon those operating vehicles upon the highways at any time between sunset and sunrise. La.R.S. 32:301. Whenever a driver of a vehicle approaches an oncoming vehicle within 500 feet, the driver must use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver. La.R.S. 32:322. Moreover, the headlamps on motor vehicles are required to be so arranged that the driver may control the light so that none of the high intensity portion of the beam is directed to strike the eye of the approaching driver. La.R.S. 32:321.
These duties were imposed by statute upon McNeil, the driver of the bus. We must then accept the fact that McNeil drove the bus in such a manner that his lights blinded Gaudet. As a result Gaudet could not see Matte in the road ahead and for that reason he struck and killed him. Thus, a cause of action is stated. For, though Guadet was the person blinded, the object of the statute is to protect not only motorists directly affected but others to whom harm might reasonably be expected to result from the violation of the statute. Therefore, granted the bus driver's duty of care to decedent Matte as a passenger had terminated, another duty not to harm decedent Matte or others was imposed by statute regulating the method of using lights on vehicles after dark on the State's highways.
Although the allegations are vague and indefinite, this much is clear: The bus was turned into Gaudet's path in such a manner that Gaudet was apparently blinded. Moreover, vagueness is not to be reached by an exception of no cause of action. More properly this vagueness was to be cured by an exception of vagueness requiring plaintiffs to particularize the facts upon which the cause of action was based.
Even if we consider these allegations to be vague, and the cause of action improperly or at least doubtfully stated, these inadequacies are not fatal to the cause of action. Mere failure to state a cause of action does not mean the plaintiff has no cause of action. Hence, leave to amend may be granted where the petition discloses that proper allegations may state the cause of action upon which petitioner is relying.
The law imposing duties upon drivers not to blind oncoming motorists was attempted to be invoked here, and plaintiff should have an opportunity to amend his petition to allege facts, if they exist, which will more properly state the cause of action and remove the ground of the objection. Dismissal of this suit at this time is not in the interest of justice. La.Code Civ.P. art. 934; Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949). In dismissing the suit and not ordering plaintiffs to amend, the trial judge erred.
For the reasons assigned, the case is remanded to the trial court with leave granted to plaintiffs to amend their original petition within fifteen days after remand. If plaintiff fails to comply with the order to amend, the action shall be dismissed; otherwise to be proceeeded with in accordance with law.
BARHAM and DIXON, JJ., concur.
TATE, J., concurs and assigns reasons.
TATE, Justice (concurring).
I concur in the majority opinion. The petition states a cause of action in tort, as the majority indicates.
In my opinion, the ultimate facts of the cause of action were sufficiently pleaded. No amendment of the petition to state further evidentiary facts is needed. The former discovery function of the exception of vagueness is no longer appropriate, with discovery procedures (depositions, interrogatories, *64 etc.) of the 1960 Code of Civil Procedure available to help the defendant prepare for trial.
The purpose of the exception of vagueness is only to enable the defender to have notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense, as well as additionally by a formal pleading to identify the cause of action so as to bar its future re-litigation after determination by the present suit. Doullot v. McManus, 37 La.Ann. 800 (1885); Washington v. Fleniken Construction Co., 188 So.2d 486 (La.App.3d Cir. 1966). The present petition is adequate in these respects, it seems to me.
However, since no substantial prejudice will be sustained by requiring amendment by a little more elaboration of the facts, and since the majority has correctly reversed the dismissal upon no cause of action, I will concur in the decree.