341 So.2d 1306 (1977)
Margaret TEER, Plaintiff-Appellant,
v.
CONTINENTAL TRAILWAYS, INC., Defendant-Appellee.
No. 5771.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
*1307 Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff-appellant.
Stafford, Randow, O'Neal & Smith by Hodge O'Neal, III, and Larry A. Stewart, Alexandria, for defendant-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
FORET, Judge.
Miss Margaret Teer instituted this suit for damages against Continental Trailways, Inc. In her petition, she alleged that the accident, from which she sustained injuries, was due solely to the negligence of defendant
"in putting petitioner off the bus in darkness in an unlighted area on the edge of a heavily traveled U.S. highway, without assisting petitioner in any way, without seeing that she arrived safely at her destination, by driving off and leaving her alone, burdened with her suitcase, bags, and personal belongings, knowing that she had to cross the full width of the highway, that she was 62 years of age, and had poor eyesight." The trial court, holding that defendant owed no duty to plaintiff, and that plaintiff was contributorily negligent, rendered judgment in favor of defendant. From such judgment plaintiff perfected this appeal. We affirm.
On January 22, 1973, plaintiff, Miss Margaret Teer, a sixty-two year old retired college teacher, sought transportation from Baton Rouge to her home in Campti, Louisiana. At the Baton Rouge bus station she was told that a Trailways bus passed through Campti and that she could disembark there. Miss Teer, carrying a suitcase, paper bag, and purse, boarded such a bus driven by Joseph Crooks. She informed the driver that she wished to stop at a service station located on the southwest corner of the intersection of Louisiana Highway 347 and Edinborn Street. (Her home, to which she planned to walk, was fronted by the latter street and was but a few blocks away.) However, the driver inadvertently passed the intersection, and upon being so informed by plaintiff, he stopped at a point near the northeast corner of the said intersection. Before opening the door of the bus from which Miss Teer was to descend, the driver, Crooks, suggested that plaintiff remain in the bus until it stopped a short distance farther up at a well-lighted, well-equipped (public telephones and open places of business) service center, where she could call someone to pick her up. Such suggestion plaintiff opposed, and she freely and voluntarily disembarked from the bus.
Miss Teer, requesting neither aid nor assistance, alighted from the bus on a grassy strip of ground adjacent to the shoulder (eight to ten feet in width), and walked to the rear of the bus toward the intersection. The driver, Crooks, after having looked in his rear view mirror and noticed that plaintiff was off the main traveled portion of the highway, drove the bus away. Some time thereafter, Miss Teer, in the process of traversing the highway, was struck by an automobile owned and driven by J. D. Wagnon.
In contracting to transport passengers for hire, public carriers undertake grave obligations. Although not the insurers of their passengers, public carriers are required to exercise the highest degree of vigilance, care and precaution for the safety of those whom they transport. King v. King, 253 La. 270, 217 So.2d 395 (1968); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); cases too numerous to cite. However, *1308 once a passenger freely disembarks at his chosen destination free from harm, his status as passenger, and the public carrier's contract to transport for hire, cease. At that point the public carrier only owes such person the duty of ordinary careit is under no duty to warn the former passenger of "a danger which is apparent, obvious, and known to every person in good mind and sense" (Deason v. Greyhound Corp., 106 So.2d 348 (La.App. 1 Cir., 1958), nor to personally transport, convey, or assist the former passenger in crossing a street or highway. Matte v. Continental Trailways, Inc., 278 So.2d 60 (La., 1973) and cases cited therein; Wille v. New Orleans Public.Service, Inc., 320 So.2d 288 (La.App. 4 Cir., 1975); Deason v. Greyhound Corp., supra.
In this case defendant breached no duty that it owed plaintiff. Once plaintiff alighted from the bus, Continental owed her no duty other than that of ordinary care. The situs of the stop was chosen by plaintiff. At the time the bus departed, plaintiff was in no harm or danger. Plaintiff, a well-educated woman, with no glaring physical or mental impediments, never requested aid or assistance and was fully cognizant of the obvious danger, that of traffic, in crossing the highway.
Having reached the above conclusions, it is not necessary for this Court to pass on the plea of contributory negligence or any other defense raised by defendant.
The judgment of the trial court dismissing plaintiff's suit is affirmed, appellant to pay all costs of this appeal.
AFFIRMED.