872 So.2d 571 (2004)
Adeline JACOBS
v.
REGIONAL TRANSIT AUTHORITY and Transit Management of Southeast Louisiana.
No. 2003-CA-2158.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 2004.
Rehearing Denied May 28, 2004.
*572 James Minge, Berit C. Hanna, James Minge & Associates, New Orleans, LA, for Plaintiff/Appellant.
Ranord J. Darensburg, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY and Judge DAVID S. GORBATY).
JOAN BERNARD ARMSTRONG, Chief Judge.
Plaintiff/appellant, Adeline Jacobs, appeals the trial court judgment in favor of defendants/appellants, Regional Transit Authority (RTA) and Transit Management of Louisiana (TMSEL), whereby the trial court dismissed plaintiff's complaint arising out of injuries claimed by the plaintiff when she slipped and fell while exiting the defendants' bus. In its reasons for judgment, the trial court stated as follows:
[t]he court finds that plaintiff, Adeline Jacobs, has not met her burden of proof. Specifically, the evidence and testimony revealed: the bus in question was decommissioned two months before this suit was filed and was not available for discovery; conflicting testimony as to what actually caused Ms. Jacobs to fall while exiting the bus through the very same route she used to enter the bus; and conflicting testimony as to whether or not it was drizzling.
For the reasons assigned, we affirm.
Plaintiff lists several assignment of errors which include the following: (1) the trial court erred in finding that the plaintiff did not meet her burden of proof, notwithstanding the unrefuted documentary evidence and testimony introduced at trial; 2) the trial court erred in finding that Jacobs did not meet her burden of proof due to allegedly conflicting testimony as to what caused Jacobs to fall from the bus; 3) the trial court erred in finding that Jacobs did not meet her burden of proof due to conflicting testimony as to whether it was drizzling at the time of the accident, which issue was immaterial to the question of liability; 4) the trial court erred in failing to apply the theory of suppression or spoliation of evidence; and 5) the trial court erred in finding that Jacobs did not meet her burden of proof on the grounds that the RTA bus had been decommissioned (sold or destroyed). The underlying central issue in the instant case thus turns on what caused the plaintiff to fall.
On direct examination, plaintiff testified that she fell because there was a "dip" in the last step of the bus and the fact that *573 the yellow, non-skid strip surface was worn. Plaintiff's daughter, who was with her at the time of the accident, also testified that the last step was worn bare.
However, the medical records of plaintiff's treating physician stated that plaintiff said she fell as she was getting off the bus due to water on the step. Plaintiff further admitted on cross-examination that the wet step could have had something to do with causing her fall.
Plaintiff also gave conflicting accounts as to whether or not it was drizzling or raining at the times she entered and exited the bus. In her deposition, she stated that it had been raining off and on at the time she boarded the bus and that there was a light drizzle at the time she got off the bus. At trial, she testified that it was not raining at the time she boarded the bus and that the water that fell on her could have come from the top of the bus shed or from a nearby tree.
Eddie Moore, the RTA's Director of Maintenance, contradicted the plaintiff's description of the step. Specifically, Mr. Moore stated the steps on this type of bus were made of molded fiberglass, and contained no steel. Moreover, Mr. Moore confirmed that even if the steps were worn, one would never see steel. Mr. Moore added that the accident bus went out of service in February 1997, approximately three years before plaintiff's counsel issued request for production of documents pertaining to the bus.
Pursuant to La. R.S. 48:1656(23), as amended by Acts 199, No. 735, effective August 15, 1995, the RTA is not considered a common carrier in a suit for personal injuries. As such, the RTA is not held to the previous higher standard of care that allowed a plaintiff to make out a prima facie case of liability merely by showing that he/she was a fare-paying passenger and sustained an injury, thereby shifting the burden to the RTA to exculpate itself from liability. The 1995 amendment to La. R.S. 48:1656(23) states:
Notwithstanding the provisions of any other law to the contrary, including the provisions of R.S. 45:161 et seq., the authority created herein shall not be deemed a "person" as defined in R.S. 45:162(12) or a "common carrier" as defined in R.S. 45L162(5) nor shall the authority be construed of interpreted to be such. Additionally, the authority shall not be deemed to be a common carrier, or interpreted to be such by any court of this state in a suit for personal injury or property damage. (Emphasis added).
Absent the stricter standard of proof for common carriers, the proper standard in the present case is general negligence. The trial court, in applying this standard, found that the plaintiff failed to carry her burden of proof to show negligence on the part of the RTA.
Considering the evidence presented at trial and the conflicting testimony, we cannot say that the trial court erred in its finding that the plaintiff failed to carry her burden of proof to show negligence on the part of the defendants. A court of appeal may not set aside a trial court's or jury's findings of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State Through Department of Development and Transportation, 617 So.2d 880 (La.1993).
The reviewing court must always keep in mind that "if the trial court's or jury's findings are reasonable in light of the record when viewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty *574 Mutual Insurance Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id. at 1112. Because the fact finder is best aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are reasonable. Rosell, at 844; Housley v. Cerise, 579 So.2d 973 (La.1991).
Finally, we do not find that the issue of spoliation of evidence was brought before the trial court; and accordingly, this issue is not properly before us. The trial court was aware of the fact that the bus had been decommissioned prior to the filing of the lawsuit and the initiation of discovery proceedings; however, the trial court was not presented with evidence to support the theory of suppression and/or spoliation of evidence.
Thus, after a thorough review of the trial record, and for the reasons aforementioned, we find ample evidence to support the trial judge's decision. As there is no manifest error, the judgment of the trial court is affirmed.
AFFIRMED.