LMICHAEL E. KIRBY, Judge.
This matter arises out of injuries suffered by the plaintiff, Sandy Whitley (“Whitley”), after he exited a Regional Transit Authority (“RTA”) bus and was struck by another vehicle. Whitley appeals the trial court’s granting of a motion for summary judgment in favor of the RTA and Henry C. Anderson, Jr. (“Anderson”), the driver of the bus. For the reasons assigned, we affirm.
On March 20, 2000, Whitley was a passenger on a RTA bus that was traveling east on Crowder Boulevard in New Orleans, Louisiana. According to Whitley’s deposition testimony,[1] as the bus approached the intersection of Crowder Boulevard and Morrison Road, he saw his connecting bus traveling in the opposite direction on Crowder Boulevard. Whitley pulled the bus cord to notify Anderson that he wanted to stop. The bus stopped, not at the designated corner before crossing Morrison Road, but at the corner after crossing Morrison Road. Whitley further testified that after he exited the bus, he walked around in front of the bus, looked back, saw nothing coming, and proceeded across Crowder Boulevard when a vehicle driven by Andrea Taylor (“Taylor”) struck him. Whitley stated that he did not see the Taylor vehicle coming. When questioned regarding Anderson’s factions, Whitley "testified that Anderson did not signal to him that the traffic was clear.
On March 20, 2001, Whitley filed a petition for damages in the Civil District Court for the Parish of Orleans against the RTA, Anderson, Taylor and Deerbrook Insurance Co., Taylor’s insurer.[2] Whitley alleged in his petition that the RTA owed him a high duty of care because he was a guest passenger on a bus owned by the RTA. Whitley further alleged that Anderson was negligent in stopping at an intersection not designated as a bus stop, in signaling Whitley to cross in front of the bus, and in not keeping a proper lookout.
• On September 21, 2004, the RTA and Anderson filed a motion for summary judgment. The matter was heard on December 3, 2004. In support of the motion for summary judgment, the RTA and Anderson relied on excerpts from Whitley’s deposition, wherein he stated that the bus driver never signaled for him to cross. The trial court was also presented with photographs of the intersection where the accident occurred. The photographs reveal that Crowder Boulevard is a four-lane road with two lanes of traffic running in each direction and separated by a median. The photographs also show the location in front of the Regions Bank where Whitley exited the bus. Finally, in support of the motion for summary judgment, the RTA introduced the affidavit of Deslie Isidore, *171 the Executive Assistant to the Board of Commissioners of the RTA, who stated that the RTA was not responsible for the actions of Mr. Anderson according to a Management Services Agreement between the RTA and Transit Management of Southeast Louisiana, Inc. (“TMSEL”), which agreement was in effect on the date of the accident at issue. |8 Under this agreement, which was also offered in support of the motion for summary judgment, the RTA owns or leases the buses but delegates all responsibilities for operation of the transit system, including the employment and training of the drivers, to TMSEL.
Whitley opposed the motion for summary judgment on the grounds that Anderson was negligent for failing to keep a proper lookout and failing to take steps to avoid the accident. On December 13, 2004, the trial court granted the motion for summary judgment in favor of the RTA and Anderson, dismissing Whitley’s claims against them with prejudice. In Reasons for Judgment, the trial court stated:
In the matter sub judice, plaintiff clearly exited safely from the bus. Plaintiff has not provided any evidence [sic] support his contention that the driver made a signal to cross; that the driver intended to convey the thought that he had checked for traffic on the side of the bus, that no such traffic was approaching and that it was safe for plaintiff to make the crossing. Plaintiff cannot prove that he .had a legal right to and did in fact rely on the [sic] and that this combination of circumstances caused him to be struck.
Whitley filed this timely devolutive appeal and argues that the summary judgment should not have been granted because material factual questions exist with regard to the contributory negligence and liability of Anderson and the RTA. For the reasons that follow, we disagree.
“Favored in Louisiana, the summary judgment procedure ‘is designed to secure the just, speedy, and inexpensive determination of every action’ and shall be construed to accomplish these ends.” King v. Parish National Bank, 2004-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545, quoting La. C.C.P. art. 966(A)(2). Appellate courts review grants of summary judgment de novo using the same standard Lapplied by the trial court in deciding the motion for summary judgment. Schmidt v. Chevez, 2000-2456 (La.App. 4 Cir. 1/10/01), 778 So.2d 668. According to this standard, a summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Schmidt, supra.
The party seeking the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. Allen v. Integrated Health Services, Inc., 32,196, p. 3 (La.App. 2 Cir. 9/22/99), 743 So.2d 804, 806. A fact is “material” if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Schmidt, supra, citing Moyles v. Cruz, 96-0307 (La.App. 4 Cir. 10/16/96), 682 So.2d 326. Simply stated, a “material” fact is “one that would matter on the trial on the merits.” Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. The opponent to a properly supported motion for summary judgment may not rest on the mere allegations or denials of his or her pleadings but must respond by affidavits or as otherwise provided by law setting forth specific facts showing that there ex *172 ists a genuine issue of material fact for trial. Coates v. Anco Insulations, Inc., 2000-1331, p. 5 (La.App. 4 Cir. 3/21/01), 786 So.2d 749, 753.
In Jacobs v. Regional Transit Authority, 2003-2158, p. 3 (La.App. 4 Cir. 4/14/04), 872 So.2d 571, 573, this court explained the proper standard to be applied in cases involving the RTA as follows:
Pursuant to La. R.S. 48:1656(23), as amended by Acts 199, No. 735, effective August 15, 1995, the RTA is not considered a common carrier in a suit for personal injuries. As such, the RTA is not held to the previous higher standard of care that allowed a plaintiff to make |sout a prima facie case of liability merely by showing that he/she was a fare-paying passenger and sustained an injury, thereby shifting the burden to the RTA to exculpate itself from liability.
The 1995 amendment to La. R.S. 48:1656(23) states:
Notwithstanding the provisions of any other law to the contrary, including the provisions of R.S. 45:161 et. seq., the authority created herein shall not be deemed a “person” as defined in R.S. 45:162(12) or a “common carrier” as defined in R.S. 45:162(5) nor shall the authority be construed of interpreted to be such. Additionally, the authority shall not be deemed to be a common carrier, or interpreted to be such by any court of this state in a suit for personal injury or property, damage. (Emphasis added). Absent the stricter standard of proof for common carriers, the proper standard in the present case is general negligence.
Whitley argues to this court that Anderson was the sole and proximate cause of his accident in allowing him to exit the bus at a non-designated bus stop. We note that Whitley cites no authority in support of this argument. To the contrary, the jurisprudence has established the fact that the driver might have brought the bus to a stop short of, or beyond, the regular bus stop is not negligence per se. Cary v. New Orleans Public Service, Inc., 250 So.2d 92, 94 (La.App. 4 Cir.1971). The negligence test involves whether the place where the passenger is compelled to exit is reasonably safe. McCullough v. Regional Transit Authority, 593 So.2d 731, 740 (La.App. 4 Cir.1992); Johnson v. New Orleans Public Service, Inc., 139 So.2d 7 (La.App. 4 Cir.1962).
In Teer v. Continental Trailways, Inc., 341 So.2d 1306 (La.App. 3 Cir.1977), the driver of a Continental Trailways bus inadvertently passed the intersection at which the plaintiff'passenger planned to exit the bus. The plaintiff voluntarily disembarked at a point near the corner of the intersection she had |fioriginally chosen as her destination. Sometime after exiting the bus, the plaintiff was struck by an automobile as she was crossing the street. Finding that the bus company breached no duty, the court stated:
Once plaintiff alighted from the bus, Continental owed her no duty other than that of ordinary care. The situs of the stop was chosen by plaintiff. At the time the bus departed, plaintiff was in no harm or danger. Plaintiff, a well-educated woman, with no glaring physical or mental impediments, never requested aid or.assistance and was fully cognizant of the obvious danger, that of traffic, in crossing the highway.
Teer v. Continental Trailways, Inc., supra, at 1308.
The court in Teer also stated:
... once a passenger freely disembarks at his chosen destination free from harm, his status as passenger, and the public carrier’s contract to transport for hire, cease. At that point the public carrier only owes such person the duty *173 of ordinary care. It is under no duty to warn the former passenger of ‘a danger which is apparent, obvious, and known to every person in good mind and sense’ (Deason v. Greyhound Corp., 106 So.2d 348 (La.App. 1 Cir.1958), nor to personally transport, convey, or assist the former passenger in crossing a street or highway. Matte v. Continental Trailways, Inc., 278 So.2d 60 (La., 1973) and cases cited therein; Wille v. New Orleans Public Service, Inc., 320 So.2d 288 (La.App. 4 Cir.1975); Deason v. Greyhound Corp., supra.
Id.; See also Wittenberg v. New Orleans Public Service, Inc., 422 So.2d 252 (La.App. 4 Cir.1982).
Moreover, it is a well-settled principle of law that a pedestrian has a statutory duty to yield to traffic in the absence of a marked crosswalk. La. R.S. 32:213 A;[3] Donavan v. Jones, 26,883, p. 19 (La.App. 2 Cir. 6/21/95), 658 So.2d 755, 767. Likewise, a pedestrian must exercise reasonable care to avoid leaving, a |7curb or other place of safety beside the roadway and walking into the path of a vehicle. La. R.S. 32:212(B);[4] Hanna v. Roussel, 35,-346, pp. 4-5 (La.App. 2 Cir. 12/5/01), 803 So.2d 261, 264.
In this case, it is undisputed that Whitley alighted safely "from the bus. By his own ‘ admission, Whitley stated that Anderson never signaled for him to cross. Also, by his own admission, Whitley stated that he looked but failed to see the Taylor vehicle when he entered the roadway. Furthermore, Whitley chose the location where he exited the bus. This record (in particular, the photographs of the location in front of the Regions Bank where Whitley disembarked) discloses nothing to indicate that the site at which Whitley disembarked was unsafe or even substantially different from the bus stop area at the preceding corner.
After our de novo review of the record, we find that Whitley failed to provide any evidence to create an issue of material fact regarding the negligence of the RTA and Anderson; and, therefore, Whitley failed to carry, his burden-to defeat summary judgment in this case. Accordingly, we find no error in the trial court’s conclusion that the RTA and Anderson were entitled to summary judgment as a matter of law. The judgment of the trial court is affirmed.
AFFIRMED.

. Whitley’s deposition was taken on August 6, 2002.

. On July 20, 2004, Whitley dismissed Taylor and her insurer from this action.

. La. R.S. 32:213 A provides: "Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an -intersection shall yield the right of way to all vehicles upon the roadway.”

. La. R.S. 32:212 B provides: "No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.”