JAMES F. McKAY III, Judge.
 

 | j Plaintiff, Anne M. Manuel, appeals the trial court judgment granting a motion for summary judgment in favor of defendants, Regional Transit Authority and Transit Management of Southeast Louisiana (collectively “RTA”). For the reasons set forth below, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 On August 15, 2003, Ms. Manuel and her father, Joseph Manuel, boarded RTA
 
 *1132
 
 streetcar No. 463 at the foot of Canal Street in New Orleans, Louisiana. The petition for damages filed in this matter alleges that as Ms. Manuel stepped onto the streetcar step with her left foot, the step wobbled, causing her to lose her balance and throw all her weight onto her right foot. Although Ms. Manuel did not actually fall, she claims to have hyperex-tended her right leg.
 

 RTA filed a motion for summary judgment asserting that Ms. Manuel failed to meet her burden of proving that there was a defect on the streetcar for which RTA can be held responsible. The matter was brought before the trial court on June 26, 2009. Judgment was rendered on June 30, 2009, granting RTA’s motion for summary judgment and dismissing Ms. Manuel’s claim in its entirety. This timely devolu-tive appeal followed.
 

 ^DISCUSSION
 

 Appellate courts review the grant or denial of a motion for summary judgment
 
 de novo. Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, p. 7 (La.2/29/00), 765 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 An appellate court asks the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 Ocean Energy, Inc. v. Plaquemines Parish Government,
 
 2004-0066, p. 5 (La.7/6/04), 880 So.2d 1, 5. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Hardy v. Bowie,
 
 98-2821, p. 6 (La.09/08/99), 744 So.2d 606, 610.
 

 In support of the motion for summary judgment, RTA introduced the following documentation:
 

 1. Affidavit of Eddy Moore, Director of Maintenance for RTA.
 

 13After reviewing RTA maintenance and repair records for streetcar No. 463 from March 12, 2003, through April 17, 2009 (the date of the affidavit), Mr. Moore stated: 1) there is no evidence of any defect or problem with the step or related mechanism on August 15, 2003; 2) there is no documentation of any complaints, repairs or maintenance to the step or related mechanism prior to August 15, 2003; 3) there is no evidence of any notice to RTA of any problem with the step or related mechanism prior to August 15, 2003; 4) the broken door rod noted in the January 28, 2004 maintenance record has absolutely no effect on the deployment and stability of the step; 5) the step will deploy as normal even if the door rod is broken; 6) a broken door rod only means that that side of the door will not open or close; 7) the door and the step are not connected mechanically in any manner; 8) there is no evidence that the door rod was malfunctioning on August 15, 2003; and 9) if the door rod had been broken or malfunctioning on or before August 15, 2003, it would have been obvious and would have been immediately addressed, and not delayed over five months until January 28, 2004.
 

 
 *1133
 

 2. Deposition testimony of Wilbert Mullet, Superintendent of Rail for RTA.
 

 Mr. Mullet explained in his deposition that the step is automatically deployed and locked into place when the door is opened. He further explained that a defective or broken part could prevent the step from fully deploying when the door is opened. However, Mr. Mullet testified that there was no record of a repair order relating to the step of streetcar No. 463. Moreover, he testified that he never heard of anyone complaining of a loose step or allegedly falling because of a loose step.
 

 3. RTA maintenance and repair records from March 13, 2003, through February 10, 2004.
 

 14The maintenance records reveal that routine sixty-day preventative maintenance inspections were performed on streetcar No. 463. Prior to the incident in question, inspections were performed on March 12, May 14, and July 17 of 2003. The check lists generated in connection with the inspections reflect no repairs or defects relating to the step.
 

 4. Deposition testimony of Ms. Manuel.
 

 Ms. Manuel testified in her deposition that her father entered the streetcar ahead of her, without any difficulty. She stated: “I had my left foot on the step and I put my right leg on the platform and the step wobbled. In order for me not to hit my head on the money machine I had to put all my weight on my right leg ... I hurt my leg in the process.” Ms. Manuel further testified that the streetcar operator saw her stumble and asked if she was ok. Ms. Manuel told the operator her leg was hurting, but she did not mention anything in reference to the step. Finally, she stated that she did not know what was wrong with the step, but she guessed it was loose.
 

 In opposition to the motion for summary judgment, Ms. Manuel introduced her own affidavit, reiterating the statements made in her deposition that it was her impression that the step was loose. Ms. Manuel also introduced photographs taken by her attorney and his assistant, Carol May, of streetcar No.2002 and streetcar No. 461 (two streetcars not involved in this incident), and the affidavit of Ms. May. The photographs show a step that is not fully deployed, i.e., not completely horizontal, while the door is fully open. Ms. May states in her affidavit that she was present in late October or early November of 2003 when the photographs were taken on behalf of Ms. Manuel. She stated she observed both of the streetcars with doors fully opened while the steps were not fully deployed. With respect to Rstreetcar No. 461, Ms. May stated she observed a passenger step onto the left side of the step, causing it to go down, locking it into place and making it fully deployed for the next passenger.
 

 In
 
 Jacobs v. Regional Transit Authority,
 
 2003-2158, p. 3 (La.App. 4 Cir. 4/14/04), 872 So.2d 571, 573, this Court explained the proper standard to be applied in cases involving the RTA as follows:
 

 Pursuant to La. R.S. 48:1656(23), as amended by Acts 199, No. 735, effective August 15, 1995, the RTA is not considered a common carrier in a suit for personal injuries. As such, the RTA is not held to the previous higher standard of care that allowed a plaintiff to make out a prima facie case of liability merely by showing that he/she was a fare-paying passenger and sustained an injury, thereby shifting the burden to the RTA to exculpate itself from liability. The 1995 amendment to La. R.S. 48:1656(23) states:
 

 Notwithstanding the provisions of any other law to the contrary, including the provisions of R.S. 45:161 et seq.,
 
 *1134
 
 the authority created herein shall not be deemed a “person” as defined in R.S. 45:162(12) or a “common carrier” as defined in R.S. 45:162(5) nor shall the authority be construed or interpreted to be such. Additionally, the authority shall not be deemed to be a common carrier, or interpreted to be such by any court of this state in a suit for personal injury or property damage. (Emphasis added).
 

 As this Court stated in
 
 Jacobs,
 
 absent the stricter standard of proof for common carriers, the proper standard is general negligence.
 
 Id,.; See also Whitley v. Regional Transit Authority,
 
 2005-0433 (La.App. 4 Cir. 7/20/05), 913 So.2d 169.
 

 In the present case, Ms. Manuel argues that if the step was not fully deployed when the doors were fully opened on streetcars No.2002 and 461, it raises genuine issues of fact regarding the streetcar in question. We disagree. The documentation introduced by RTA in support of its motion for summary judgment clearly demonstrates that there is no evidence of any defect, repair, or complaint regarding the step on streetcar No. 463 for the six months before and after this | (¡incident. Ms. Manuel has presented nothing to counter this affirmative evidence. Moreover, the information relating to the other streetcars does not raise questions of fact in Ms. Manuel’s case, particularly in light of the fact that no evidence or expert testimony has been presented to support what appears to be an assertion of a defective design of the streetcar steps.
 

 Ms. Manuel further argues (based on Ms. May’s observations regarding streetcars No.2002 and 461) that if the step is not fully deployed and not locked into place, the first passenger who steps onto it will find the step loose or wobbly until the full weight of the passenger causes the step to lock into place. This argument lacks merit. Ms. Manuel testified that her father boarded the streetcar ahead of her. Even under the scenario proposed by Ms. Manuel, the step would have locked into place when Ms. Manuel’s father placed his weight on the step. Moreover, as previously stated, the observations made of the two unrelated streetcars have no bearing on this action.
 

 CONCLUSION
 

 Following our
 
 de novo
 
 review of the record, we find that Ms. Manuel failed to provide any evidence to create an issue of material fact regarding the negligence of RTA; therefore, Ms. Manuel failed to carry her burden to defeat summary judgment in this case. Accordingly, we find no error in the trial court’s conclusion that RTA was entitled to summary judgment as a matter of law. The judgment of the trial court is affirmed.
 

 AFFIRMED.