# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 21-183

CHASE BERGERON

VERSUS

USAA PROPERTY AND CASUALTY INSURANCE COMPANY, LAFAYETTE CONSOLIDATED GOVERNMENT AND SAMANTHA OVERTON

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 2020-3679
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
### CHIEF JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

David D. Benoit
Justin R. Cantu
420 Berard Street
P.O. Box 877
Breaux Bridge, LA  70517
(337) 332-6666
COUNSEL FOR PLAINTIFF/APPELLANT:
    Chase Bergeron

Bryan D. Scofield
James T. Rivera
Jessica W. Marchand
Scofield & Rivera, LLC
100 E. Vermilion, Suite 301
P.O. Box 4422
Lafayette, LA 70501
(337) 235-5353
COUNSEL FOR DEFENDANT/APPELLEE:
    Lafayette City-Parish Consolidated Government

**COOKS, Chief Judge.**

Plaintiff appeals the trial court's grant of Defendant's Exception of No Cause of Action, dismissing Plaintiff's claims against Defendant. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2019, Plaintiff, Chase Bergeron, exited a bus operated by Lafayette City-Parish Consolidated Government (hereafter LCG) at a bus stop located on West Willow Street in Lafayette. Plaintiff lived in an apartment complex across the street from the bus stop. As he was attempting to cross Willow Street en route to his apartment complex, Plaintiff was struck by a vehicle owned by Samantha Overton and insured by USAA Property and Casualty Insurance Company (USAA). Plaintiff suffered significant injuries from the incident to his head, right arm, left elbow and a broken right leg.

Plaintiff initially filed suit against Samantha Overton, USAA and LCG. Plaintiff then filed a First Supplemental and Amending petition noting it was Danyel Overton, and not Samantha Overton, who was driving the vehicle that struck him when he was crossing Willow Street. The claims against Overton and USAA were eventually settled and dismissed. That left only Plaintiff's claims against LCG.

In his petition, Plaintiff stated that LCG, "as the governmental entity responsible for placement of city bus stops, is solidarily bound with defendants for any damages due." Plaintiff maintained the bus stop he exited was a few feet from a ditch and the nearest crosswalk was one half mile away from the bus stop. Plaintiff further maintained in his petition:

> In addition, the injuries suffered by Petitioner were due to the negligence and/or strict liability of Lafayette Consolidated Government, in the following non-exclusive particulars.

2

a) In negligently placing a bus stop in an area that affords no safe passage across a busy thoroughfare to a large residential complex on the other side.

b) In not having a cross walk within a reasonable distance of the bus stop.

c) Negligent design of the bus stop in possible violation of applicable codes and/or guidelines.

d) In placing the bus stop immediately adjacent to a ditch.

In response, LCG filed an Exception of No Cause of Action on October 2, 2020, with a memorandum in support of its position. LCG maintained once Plaintiff disembarked the bus it no longer owed any duty to him in crossing the street. LCG noted it was not disputed that Plaintiff had disembarked from the bus and was in a lane of traffic when he was struck by the vehicle. Plaintiff opposed the no cause of action exception filed by LCG, with accompanying memorandum.

A hearing on the exception was held on December 7, 2020. After argument from counsel, the trial court found in favor of LCG and sustained the exception of no cause of action. The trial court found LCG "owed no duty to the passenger once they disembark." This appeal followed. Plaintiff asserts the trial court erred in granting LCG's exception of no cause of action and in denying Plaintiff the opportunity to supplement and amend his petition to assert additional causes of action.

## ANALYSIS

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert an exception of no cause of action. La.Code Civ.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-

2882 (La. 5/15/01), 785 So.2d 803; *Everything on Wheels Subaru*, 616 So.2d 1234. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813 (La.5/23/94), 637 So.2d 127.

Louisiana has a system of fact pleading; therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo*, 637 So.2d 127.

The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Bd. of Com'rs of Orleans Levee Dist.*, 93-690, (La. 7/5/94), 640 So.2d 237. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is to be based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans*, 640 So.2d 237.

Key in our inquiry is whether the defendant in this case owed Plaintiff a duty. That inquiry is whether Plaintiff has any statutory or jurisprudential law to support his claim that defendant owed him a duty under the facts of the particular case.

In his petition, Plaintiff claimed the duty owed by LCG included "exercis[ing] the highest degree of vigilance, care and precaution for the safety of those whom they transport." However, it was acknowledged by Plaintiff in his petition that the accident occurred while "attempting to cross the street," minutes after the bus had dropped Plaintiff off and departed the scene. In *Teer v. Continental Trailways, Inc.,* 341 So.2d 1306, 1308 (La.App. 3 Cir. 1977), this court held as follows:

4

[O]nce a passenger freely disembarks at his chosen destination free from harm, his status as passenger, and the public carrier's contract to transport for hire, cease. At that point the public carrier only owes such person the duty of ordinary care--it is under no duty to warn the former passenger of 'a danger which is apparent, obvious, and known to every person in good mind and sense' (*Deason v. Greyhound Corp.*, 106 So.2d 348 (La.App. 1 Cir., 1958), nor to personally transport, convey, or assist the former passenger in crossing a street or highway. *Matte v. Continental Trailways, Inc.*, 278 So.2d 60 (La. 1973) and cases cited therein; *Wille v. New Orleans Public Service, Inc.*, 320 So.2d 288 (La.App. 4 Cir., 1975); *Deason v. Greyhound Corp.*, supra.

In *Teer*, the plaintiff disembarked the bus at night, in an unlighted area of a busy highway. The plaintiff in *Teer* was struck by a vehicle while attempting to cross the highway. This court in *Teer* affirmed summary judgment in the bus company's favor, finding it breached no duty owed to the plaintiff and dismissed the case.

Similarly, in *Ricks v. City of Monroe*, 44,811 (La.App. 2 Cir. 12/9/09), 26 So.3d 858, *writ denied*, 10-391 (La.5/28/10), 36 So.3d 247, the plaintiff's daughter was hit by a car after exiting a city bus and eventually died from her injuries. She was struck by a vehicle while attempting to cross a five-lane thoroughfare to get to a restaurant across the street from the bus stop. As here, the bus stop was located in the middle of a block and there was no crosswalk. The plaintiff in *Ricks* argued the city was "negligent in selecting the location of the bus stop where the accident occurred." *Id.* at 860. In affirming the trial court's grant of summary judgment, the *Ricks* court found it was the plaintiff's "conduct [that was] the cause of her injury, not the placement of the bus stop" and the bus stop's location had nothing to do with her decision. In this case, the trial court relied upon the decision in *Ricks*. We find no error in that decision.

Although Plaintiff makes allegations that the bus stop was negligently designed, it is uncontroverted that Plaintiff's injuries occurred in the travel lane of the road after he safely disembarked the bus. As Defendant notes, no facts were pled as to how or why the design of the bus stop could have caused Plaintiff's injuries. As the decisions in both *Teer* and *Ricks* noted, it was the respective plaintiffs'

5

decisions to cross the road, despite oncoming traffic, that caused the plaintiffs' injuries.

Plaintiff has not set forth or identified any applicable codes or statutes which require that a crosswalk be near a bus stop, which in turn may create a legal duty on Defendant's part herein. Further, Plaintiff's argument that there was a ditch near the bus stop does nothing to support a claim that Defendant breached a duty owed to him. He made no allegation that the ditch impeded his exit from the bus stop or contributed in any way to his subsequent injuries.

Lastly, Plaintiff alleges the trial court erred in denying Plaintiff the opportunity to supplement and amend his petition. The law provides a trial court is vested with discretion when deciding whether to allow amendment of the petition after it sustains a peremptory exception and it is not required to allow such amendment when to do so would be a vain and useless act. *Broussard v. F.A. Richard & Assocs., Inc.*, 99-10 (La.App. 3 Cir. 5/5/99), 740 So.2d 156, *writ denied*, 99-1048 (La. 6/4/99), 744 So.2d 625. "[Louisiana Code of Civil Procedure] Article 934 does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. The right to amend one's petition is qualified by the restriction that the objections to the petition be curable." *Id*. at 160 (citation omitted). Defendant notes, despite having over a year and a half, Plaintiff has not cited a case, statute or regulation suggesting that LCG owed him a duty, breached any duty owed to him or that such breaches caused his injuries. Thus, we find the trial court did not abuse its discretion in denying Plaintiff's request to amend his petition.

### DECREE

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Chase Bergeron.

**AFFIRMED.**

6